THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM FINLEY, Defendant-Appellant.

(No. 73-311;

Third District—July 31, 1974.

336

Stanley Tucker, of Hartzell, Glidden & Tucker, of Carthage, for appellant.

Patrick J. Corcoran, Assistant State's Attorney, of Carthage, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

An interlocutory appeal was filed by defendant William Finley pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1973, ch. 110A, § 308). A review was sought of the order of the Circuit Court of Hancock County which struck defendant's jury demand together with defendant's subpoena for discovery deposition and interrogatories which were filed prior to an implied consent hearing under section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, § 11—501.1(d)).

■ The issue before this court on appeal is whether a jury trial is required at an "implied consent" hearing under the Illinois Vehicle Code and whether expansive pretrial civil discovery was properly denied by the trial court. We note that under the provisions of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, § 11—501.1(a)) an individual who is arrested and charged with the offense of driving while under the influence of intoxicating liquor "impliedly consents" to take and complete a test or chemical analysis of his breath to determine the alcoholic content of his breath. If the arrested individual fails to submit to a breath test, further procedure is under the terms of section 11—501.1(d) of the act, which reads as follows:

"The Clerk shall thereupon notify such person in writing that his privilege to operate a motor vehicle will be suspended unless, within 28 days from the date of mailing of the notice, he shall request in writing a hearing thereon. If such person fails to request a hearing within such 28 day period, the Clerk shall so notify the Secretary of State who shall automatically suspend such person's driver's license, the privilege of driving a motor vehicle on highways of this State given to a nonresident, or the privilege which an unlicensed person might have to obtain a license under the Driver's License Act, as provided in Paragraph (a) of this Section.

If such person desires a hearing, he shall petition the Circuit Court for and in the county in which he was arrested for such hearing. *Such hearing shall proceed in the Court in the same manner as other civil proceedings,* except that the scope of such proceedings shall cover only the issues of whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether

the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer.

Immediately upon the termination of the Court proceedings, the Clerk shall notify the Secretary of State of the Court's decision. The Secretary of State shall thereupon suspend the driver's license * * * if that be the decision of the Court * * *." (Emphasis added.)

In the cause before us, the defendant was arrested for driving under the influence of intoxicating liquor on October 10, 1973. On October 11, 1973, the circuit clerk of Hancock County issued a written notice to him as prescribed by the act. Defendant filed a petition for an implied consent hearing under the act and, also, made a jury demand. Defendant likewise filed a subpoena for a deposition directed to the arresting officer and further filed written interrogatories directed to the State to be answered under oath. The People filed a motion to strike defendant's jury demand and such motion was granted. A motion was also filed by the People to strike the written interrogatories and to quash the subpoena for the deposition of the arresting officer. The court entered an order striking defendant's subpoena for discovery deposition and the interrogatories filed by the defendant.

On appeal to this court, defendant contends that an "implied consent hearing" is a civil proceeding in which a person is entitled, as a matter of right, to a jury trial, and also to the benefit of pretrial discovery under the terms of the Illinois Civil Practice Act. Both parties agree that the language of the statute is clear and unambiguous. In section 11—501.1 (d) of the act in pertinent part it is provided:

"If such person desires a hearing * * * [s]uch hearing shall proceed in the Court * * *.

Immediately upon the termination of the Court proceedings, the Clerk shall notify the Secretary of State of the Court's decision. * * *"

Defendant claims on appeal that the words "in the Court" should be interpreted to mean that a jury trial was thereby authorized by the act. The State contends that the language of the statute unequivocally means a hearing conducted and determined by a judge. It is pointed out that under Section 5—1—6 of the Unified Code of Corrections (Ill. Rev. Stat.

1973, ch. 38, § 1005—1—6), where "court" is defined, it is stated to mean a circuit court of Illinois and includes a judge thereof.

It is pointed out by the State that under the Constitution of the State of Illinois in both the 1870 Constitution (art. II, sec. 5) and in the 1970 Constitution (art. I, sec. 13) the right to trial by jury is secured in all tribunals, "as heretofore enjoyed." 'It is asserted that it was not intended in the constitutional provisions to confer the right in any class of cases where a right to jury trial had not previously existed. The conclusion of the State is that a trial by jury is not, therefore, guaranteed in a special statutory proceeding unknown to common law. (*People v. Hill*, 163 Ill. 186, 46 N.E. 796 (1896); *Maynard v. Richards*, 166 Ill. 466, 46 N.E. 1138 (1897); *Keith v. Henkleman*, 173 Ill. 137, 50 N.E. 692 (1898); *Moody v. Found*, 208 Ill. 78, 69 N.E. 831 (1904); *Research Hospital v. Continental Illinois National Bank and Trust Co.*, 352 Ill. 510, 186 N.E. 170 (1933); *People v. Niesman*, 356 Ill. 322, 190 N.E. 668 (1934); *People ex rel. Keith v. Keith*, 38 Ill.2d 405, 231 N.E.2d 387, 389 (1967); *Ford v. Environmental Protection Agency*, 9 Ill.App.3d 711, 292 N.E.2d 540, 545 (3rd Dist. 1973).)

■■ The section of the Illinois Vehicle Code under consideration is a statutory proceeding of recent origin and was unknown at common law. It would, therefore, logically follow that a trial by jury of the implied-consent issues is not guaranteed in such proceeding by the Illinois Constitution and the question arises as to whether it is guaranteed by statutory provision. It is clear that the statute in question does not specifically prescribe the right to a jury trial. Defendant claims, however, that since a trial by jury is guaranteed for a simple traffic violation it should likewise be mandated in an "implied consent" hearing. We do not believe that this is a sound contention. *People v. Woerly*, 50 Ill.2d 327, 278 N.E.2d 787 (1972), and *People v. Manion*, 3 Ill.App.3d 621, 278 N.E.2d 175 (1972), cited by defendant as authority for such argument, are distinguishable on their facts from the instant case. In both *Woerly* and *Manion*, the defendants were charged with simple traffic violations. The trial court in each case denied the defendant's timely demand for a jury trial. On appeal, both cases were reversed. Section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, § 103—6) provides, in pertinent part, that "Every person accused of an offense shall have the right to a trial by jury  *  *  ." Section 102—15 of the Code of Criminal Procedure of 1963 provides that an "offense" is a violation of any penal statute of this State. Section 16—104 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, § 16—104) provides that it is a misdemeanor for any person to violate any provision of the act. It is,

therefore, apparent that the statutes prescribe a right to trial by jury to a person charged with violating a penal statute.

The question, therefore, arises as to whether the implied-consent statute in question before us is a penal statute. A suspension of a driver's license is a purely administrative function of the Secretary of State and is not penal in nature. (See *People v. Quinn*, 17 Ill.App.3d 1058, 309 N.E.2d 249 (4th District. 1974).) *People v. Kobylak*, 383 Ill. 432, 435, 50 N.E.2d 465, 467 (1943), indicates that the Illinois Supreme Court determined that a revocation of a driver's license for a conviction of driving under the influence of intoxicating liquor was not part of the punishment for that offense, but merely a regulatory measure. In *People v. Jenkins*, 128 Ill.App.2d 351, 354-355, 262 N.E.2d 105, 107 (1970), the appellate court in citing *People v. Kobylak*, said that a revocation of a driver's license for 1 year by the Secretary of State is part of a regulatory measure under the police power of the State governing traffic upon the highways but is not part of any punishment imposed by the court and does not constitute the loss of any property or civil rights. (See also *People v. Smith*, 7 Ill.App.3d 143, 287 N.E.2d 174 (1972).)

■■■ In the "implied consent" hearing, the court does not suspend the driver's license. The function of suspending a driver's license is vested solely with the Secretary of State. The purpose of the court proceeding is merely to comply with the due process clause to provide defendant with a forum and to afford him a meaningful hearing to determine if he refused to consent to a breath test after being lawfully arrested for driving while under the influence of intoxicating liquor. (*Cf. Bell v. Burson*, 402 U.S. 535, 29 L.Ed.2d 90, 91 S.Ct. 1586 (1971), and *Goldberg v. Kelly*, 397 U.S. 254, 25 L.Ed.2d 287, 90 S.Ct. 1011 (1970).) In the implied-consent hearing, it is sought to determine (1) whether the driver was placed under arrest for driving under the influence of intoxicating liquor; (2) whether the arresting officer had reasonable grounds to believe that the driver was under the influence of intoxicating liquor; (3) whether the individual was admonished orally and in writing that his operator's license would be suspended if he failed to consent to take the breath test, and (4) whether defendant refused to submit to the test. Whether the defendant was arrested for driving under the influence of intoxicating liquor and whether the officer had reasonable ground to believe that the driver was under the influence of intoxicating liquor clearly dealt with the concept of arrest and probable cause to arrest and involved questions of law for the court to determine along with the other factual issues referred to.

■■ It is apparent from a reading of the Illinois Vehicle Code, and precedents referred to, that a jury trial is not required for the reason that

neither constitutional nor statutory authority specifically provides for a jury trial in such hearing, and from a practical consideration of the statute and the objectives of the statute, it is clear that the intent of the legislature was not to confer a right to jury trial to the defendant at the implied consent hearing. The hearing is limited in scope principally to the resolution of questions of law although involving applicable questions of fact. The finding of the court is not a final order but is an initial step in the administrative process of regulating a driver's license for refusal to submit to a breath test. The statute is not penal and a person may not be fined or institutionalized for failure to comply with its proscriptions.

■■ The remaining issue which is principally urged is that the court erred in denying expansive pretrial civil discovery. As indicated, the act itself provides that "[s]uch hearing shall proceed in the Court in the same manner as other civil proceedings." (Ill. Rev. Stat. 1973, ch. 95½, § 11—501.1(d).) Certainly the rules of evidence and burden of proof at the implied consent hearing would be governed by rules of civil procedure. In *People v. Schmidt*, 56 Ill.2d 572, 309 N.E.2d 557 (1974), the Illinois Supreme Court considered the question of applying discovery rules to misdemeanor cases by extending the application of Supreme Court Rule 411 (Ill. Rev. Stat. 1973, ch. 110A, § 411). Defendant Schmidt was charged with the offense of driving while under the influence of intoxicating liquor. The supreme court, in refusing to apply Rule 411 to misdemeanor violations, stated that among the factors motivating its decision to restrict application of Rule 411 to felony cases was (1) the court's awareness of the very substantial volume of less serious cases and the impact upon the expeditious disposition of such cases if expanded discovery was required and (2) a desire to eliminate substantial variance in the scope of discovery permitted in courts of this State. The court concluded in that case that discovery in a misdemeanor case was limited to (1) a list of witnesses, (2) any confessions of defendant, and (3) evidence negating defendant's guilt.

It is argued by the State that to sanction a rule permitting more expansive discovery in pretrial implied consent proceedings than is permitted prior to the actual criminal trial would be illogical. It is contended that the person who complies with the implied consent statute would be limited to discovery as set forth in the *Schmidt* case. It is further argued that the person who refused to take the test would, in effect, be rewarded for such refusal by allowing him additional discovery. It is also contended that if due process is satisfied by permitting only limited discovery in a criminal trial, for a person charged with a misdemeanor and subjected to possible criminal sanctions upon conviction, it would be unreasonable to allow unlimited and additional discovery

in a hearing which is but one step in an administrative proceeding to regulate a privilege. The State also asserts that expansive discovery under the Civil Practice Act would cause unnecessary and untold delay due to the filing and gathering of "pre-hearing" discovery by both parties to the proceeding.

In our review of the issue, we have concluded that it is wise to provide for discovery by a defendant of the character outlined in the *Schmidt* case and that pretrial civil discovery should be available without making application to the court in matters concerning an implied consent hearing to the extent that such matters involve (1) a list of witnesses, (2) any confessions by defendant, and (3) evidence negating defendant's guilt. We have also given consideration to *People ex rel. Hanrahan v. Felt*, 48 Ill.2d 171, 269 N.E.2d 1 (1971), and *City of Danville v. Hartshorn*, 53 Ill.2d 399, 292 N.E.2d 382 (1973), in which the Illinois Supreme Court concluded that a defendant is not unqualifiedly entitled to civil practice procedures in all cases. As stated by the court in *City of Danville v. Hartshorn*, 53 Ill.2d 399, 404, 292 N.E.2d 382, 385:

> "We believe that whether discovery provisions of the Civil Practice Act may be invoked should be within the *discretion of the trial court*. [Emphasis added.]
>
> Our holding that the automatic application of provisions in the Civil Practice Act for discovery is not always appropriate is not novel. In *People ex rel. Hanrahan v. Felt*, 48 Ill.2d 171, we considered a petition for *mandamus* which sought to compel the trial court to vacate a pretrial discovery order which had been entered in a juvenile delinquency proceeding. We noted that a delinquency proceeding differed from a typical civil action in its potential consequences to the juvenile and to the community, and held 'that although a delinquency proceeding is civil in nature, it is sufficiently distinct from other civil actions to make inappropriate the automatic application of discovery provisions applicable to civil cases' [citation]."

■■ The *Hartshorn* case involved a trial for violation of a municipal ordinance which was civil in nature. We, therefore, conclude that further discovery procedure should be within the discretion of the trial court, other than in the limited area heretofore outlined by analogy to the *Schmidt* case hereinabove referred to. By such conclusion we do not deem that the trial court would be in any manner limited in authorizing further discovery if the trial court is convinced that such discovery is reasonably required in the "implied consent" hearing. If the court determines that such discovery is not reasonably required in such hearing,

then, in the discretion of the trial court, such further discovery may be denied.

■■ For the reasons stated in the course of this opinion, we, therefore, conclude that a jury trial is not required in an implied consent hearing of the character before us and the court properly ordered defendant's demand for jury trial stricken. We believe, however, that the court erred in striking the subpoena for discovery and interrogatories in this cause. Limited discovery of the character outlined in this opinion analogous to the *Schmidt* case should be allowed upon demand, and the allowance of any further discovery is within the discretion of the trial court.

This cause is, therefore, affirmed as to the order of the trial court striking the jury demand but is reversed as to the order of the circuit court striking the subpoena for discovery deposition and interrogatories. As to the issue of discovery and interrogatories, the trial court shall proceed in accordance with the views expressed in this opinion.

Affirmed in part and reversed in part and remanded with directions.

STOUDER and DIXON, JJ., concur.