THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* STEVEN P. ELLERBUSCH, Defendant-Appellee.

Fourth District    No. 4—83—0196

Opinion filed October 4, 1983.

David L. Bartholomew, State's Attorney, of Tuscola (Robert J. Biderman and Thomas W. Lacy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Raymond Lee, Jr., and James D. Lee, both of Lee & Lee, Ltd., of Tuscola, for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

The State appeals from an order of the circuit court of Douglas County which found in favor of the defendant at the close of the People's evidence in an implied consent hearing under section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1). The basis of the trial court's order was that the arrest of the defendant was not "evidenced by the issuance of a Uniform Traffic Ticket" as required by the statute.

A State trooper was the sole witness at the hearing. She testified that she had been summoned to the scene of a fatal accident at about 2 a.m. on November 27, 1982. Two vehicles were involved, one of them being a pickup truck in which defendant was sitting. A strong odor of alcohol permeated his presence, his speech was slow, and he was unable to retrieve his driver's license from his wallet. Based upon her prior observations and experience, the trooper was of the opinion that the defendant was under the influence of alcohol. He was taken to a local hospital in Tuscola and there admitted that he was driving one of the vehicles involved. Thereupon, the trooper advised him that he was under arrest, read to him the customary *Miranda* warnings, and requested him to take a breath test. The defendant refused both breath and blood tests. He was taken to the Douglas County jail but released without bond a short time later and without any charge be-

ing lodged.

The trooper testified further that while at the hospital she wrote out a ticket charging the defendant with driving while under the influence of alcohol in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501) but did not serve a copy of the ticket upon him nor did she file a copy with the circuit clerk of Douglas County. On December 13, 1982, she filed a report concerning the defendant's refusal to take the test, and the clerk then sent a notice to the defendant pursuant to statute, and the defendant petitioned for a hearing, which resulted in the order in his favor.

On December 22, 1982, the State filed a 16-count indictment against the defendant. The most serious charges were reckless homicide and driving under the influence of alcohol; all of the other charges were traffic violations of various sorts. The ticket which the trooper filled out at the hospital on November 27 was introduced into the record at the hearing. It recites that the accident occurred on November 27, 1982, but is dated December 22, 1982. The hearing was held on February 22, 1983.

In announcing his findings in favor of the defendant, the trial court stated that while the statute did not specifically provide when the ticket was to be issued, a charge was a necessary predicate for the breath test; he further stated that the evidence sustained a finding that the officer had reasonable cause to believe that the defendant was driving while under the influence of alcohol; however, he held that the arrest must be evidenced by the issuance of a ticket. We disagree and reverse.

The pertinent part of section 11—501.1 of the Illinois Vehicle Code provides:

"(a) Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent, subject to the provisions of Section 11—501.2, to a chemical test or tests of blood, breath, or urine for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11—501 or a similar provision of a local ordinance. The test or tests shall be administered at the direction of the arresting officer. The law enforcement agency employing said officer shall designate which of the aforesaid tests shall be administered by their enforcement personnel." Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501.1(a).

The parties have laid emphasis in their briefs on the matter of "is-

suance" of the ticket. We believe that such emphasis is misplaced. The chief consideration must be the matter of arrest, which is the predicate for the test. There is no controversy in the instant case over the arrest. The evidence is uncontradicted that the trooper placed the defendant under arrest and administered the *Miranda* warnings. The defendant has never claimed that he was not under arrest.

■ ■ In our opinion the statute, being neither penal in nature (*People v. Finley* (1974), 21 Ill. App. 3d 335, 315 N.E.2d 229), nor in derogation of the common law, should be liberally construed to accomplish its obvious purpose: to protect the citizens of this State upon the highways. To that end, we find that the issuance of a ticket is directory and not mandatory; it is only one way in which the fact of arrest may be established, albeit a very convincing one. This court has previously noted that a ticket need not precede the officer's request that a driver submit to tests. *People v. Wierman* (1982), 107 Ill. App. 3d 7, 436 N.E.2d 1081.

In many cases the charge will be a single one—driving under the influence—in which case the Uniform Traffic Ticket is the proper manner of bringing it. Doubtless this was the extent of the legislative intent. However, such a situation does not encompass a case like the instant one where another charge exists which cannot be brought by a traffic ticket, but only by indictment or information; *viz.*, reckless homicide.

Under section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—3), commonly called the "compulsory joinder" statute, the prosecuting authority must bring in a single prosecution all offenses known to the authority. In the instant case, if a traffic ticket had been issued and defendant had pleaded guilty to it before the charging instrument for reckless homicide could be prepared, the plea to DUI would bar prosecution on the more serious charge. (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(b)(1).) We cannot envision that the legislature intended any such result.

Nor can we believe that the State should be forfended from attempting to revoke defendant's driver's license for refusal to submit to a breath test simply because the prosecutor elected to charge the offense of DUI in a multicount indictment. That indictment was handed up by the grand jury prior to the implied consent hearing.

■ ■ We will not be understood as condoning the wholesale pocketing of tickets by police officers. However, when the evidence is clear that multiple charges could grow out of the incident, some of which are not prosecutable by a Uniform Traffic Ticket and the evidence is equally clear that the defendant has been placed under arrest, the fail-

504

ure of the officer to hand the defendant a copy of the ticket and to file it with the local circuit clerk will not be sufficient as a defense in the implied consent hearing. On the other hand, when there is a single charge, or multiple charges, all of which are prosecutable by a Uniform Traffic Ticket, the trial court should scrutinize with great care the fact that no ticket was given to the driver.

The order of the circuit court of Douglas County is reversed and the cause is remanded to that court for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

GREEN and MILLER, JJ., concur.