THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PAUL R. HORBERG, Defendant-Appellee.

Fourth District   No. 4—83—0598

Opinion filed April 5, 1984.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert G. Frederick, of Johnson, Frank & Frederick, of Urbana, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

The defendant was issued a traffic citation on June 5, 1983, for "driving under the influence." He was requested to submit to a chemical test and he refused to do so. On June 28, 1983, the defendant filed a petition requesting a hearing on whether his driver's license should be suspended pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1). An implied consent hearing was subsequently scheduled for August 22, 1983. On that date the defendant filed a motion to dismiss or in the alternative for a directed finding. At the hearing, the court directed a finding in favor of the defendant. The court found that the ticket which had been issued to the defendant was void and therefore the State could not prove that he was arrested as required by section 11—501.1 of the Illinois Vehicle Code. The State filed its timely notice of appeal on August 30, 1983.

Initially, we note that an implied consent hearing is a civil proceeding and an adverse final judgment is appealable by the State in the same manner as other civil proceedings. *People v. Matulis* (1983), 117 Ill. App. 3d 876, 454 N.E.2d 62.

In holding as it did here, the circuit court apparently agreed with the defendant's contention that, for the purposes of an implied consent hearing, a defendant's arrest must be evidenced by the issuance of a valid uniform traffic ticket. The defendant contends that the ticket issued to him is void because it describes his offense merely as "driving under the influence." The State, on the other hand, argues

that even if this ticket may be insufficient for the purpose of serving as a complaint in a criminal trial, it is a sufficient means of proving an arrest for the purposes of an implied consent hearing. We agree.

Illinois courts have divided as to whether the language involved here is sufficient to charge a criminal offense. (Compare *People v. Utt* (1983), 122 Ill. App. 3d 272, and *People v. Tucker* (1971), 131 Ill. App. 2d 598, 268 N.E.2d 191.) However, that is not the issue here.

Under the provisions of section 11—501.1 of the Illinois Vehicle Code any person who drives a motor vehicle upon Illinois highways impliedly consents to submit to a chemical analysis of his blood, breath, or urine for the purposes of determining the alcohol content of such person's blood if that person has been arrested for driving while under the influence of alcohol. If the arrested person fails to submit to such a test, further procedures are provided under the terms of section 11—501.1(c), which reads as follows:

> "The clerk shall thereupon notify such person in writing that the person's privilege to operate a motor vehicle will be suspended unless, within 28 days from the date of mailing of the notice, such person shall request in writing a hearing thereon; if the person desires a hearing, such person shall file a complaint in the circuit court for and in the county in which such person was arrested for such hearing. Such hearing shall proceed in the court in the same manner as other civil proceedings, shall cover only the issues of whether the person was placed under arrest for an offense as defined in Section 11—501 of this Code or a similar provision of a local ordinance as evidenced by the issuance of a uniform traffic ticket; whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle while under the influence of alcohol, other drug, or combination thereof; and whether such person refused to submit and complete the test or tests upon the request of the law enforcement officer. Whether the person was informed that such person's privilege to drive would be suspended if such person refused to submit to the test or tests shall not be an issue." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c).

In the "implied consent" hearing, the court does not suspend the driver's license. Rather, that is the purely administrative function of the Secretary of State and is not penal in nature. (*People v. Finley* (1974), 21 Ill. App. 3d 335, 315 N.E.2d 229.) The purpose of the hearing "is merely to comply with the due process clause to provide defendant with a forum and to afford him a meaningful hearing to de-

termine if he refused to consent to a breath test after being lawfully arrested for driving while under the influence of intoxicating liquor." (21 Ill. App. 3d 335, 340, 315 N.E.2d 229, 232-33.) The hearing covers only the issues of (1) whether the person was placed under arrest for an offense described in section 11—501, (2) whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of alcohol, and (3) whether such person refused to submit to the test upon the request of the law enforcement officer.

■■ The defendant contends that another issue to be decided at the implied consent hearing is whether or not a uniform traffic ticket has been issued. He claims that the issuance of a valid traffic ticket is a requirement of section 11—501.1. However, this court has recently held that "the issuance of a ticket is directory and not mandatory; it is only one way in which the fact of arrest may be established." (*People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503, 454 N.E.2d 1166, 1168.) Contrary to the defendant's contention, this language was not "*dicta.*" Moreover, the issue to be decided at the hearing is whether the person was arrested and not whether or not a ticket evidenced the arrest. Here, the allegedly invalid ticket is certainly evidence of an arrest, regardless of its sufficiency as the basis for criminal charges.

■■ Section 11—501.1 should be liberally construed to accomplish its obvious purpose: to protect the citizens of Illinois upon its highways. (*Ellerbusch.*) To that end, the issuance of a traffic ticket is only one way to establish the fact that an arrest was made. The circuit court's finding that the defendant was not placed under arrest because a void traffic ticket was issued is therefore error. The court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

TRAPP and MILLER, JJ., concur.