THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD G. ADAMS, Defendant-Appellant.

Fourth District   No. 4—84—0051

Opinion filed November 13, 1984.

James W. Ziegweid, of Quincy, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and Peter C. Drummond, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Donald G. Adams, was arrested and issued a traffic citation on April 27, 1982, for "driving under the influence." He was requested to submit to a chemical test and refused to do so. On April 28, 1982, the arresting officer completed a "Report of a Refusal to Submit to a Chemical Test" which was filed in the office of the circuit clerk of Adams County on April 29, 1982. Also on this latter date the clerk issued a "Notice to Driver of a Right for a Hearing." On June 16, 1983, the circuit court dismissed the uniform traffic ticket issued to the defendant on the grounds that it was deficient in that it failed to specifically allege that the defendant had been driving under the influence of alcohol or any other drug or combination of drugs. The case was dismissed, but the State was granted leave to refile. On June 21, 1983, the State filed an information against the defendant charging him with driving under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501). On June 24, 1983, the defendant appeared in court, was found guilty as charged and placed on supervision for one year, with the defendant paying a fine of $250 and court costs and being ordered to participate in the program of the Western Illinois Council on Alcoholism.

The record in this case is scant; however, from a *nunc pro tunc* order dated November 22, 1983, which reflects the action taken by the trial court on June 16, 1983, it is apparent that counsel for the defendant at an implied-consent hearing filed a motion to quash the implied-consent hearing for failure to comply with constitutional requirements. The court made no ruling on the motion, but it was at this time that the trial court dismissed the traffic ticket and granted the State leave to refile.

On November 2, 1983, approximately 18 months after defendant's arrest and approximately 6 months after the State charged the defendant by information, he (the defendant) made a motion to dismiss the implied-consent hearing. The trial court denied this motion and by order entered December 13, 1983, found the defendant had refused to take a breathalyzer examination as required by section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1), and that his license should be suspended. This appeal ensued from this order.

The sole issue presented in this appeal is whether the trial court erred in denying the defendant's motion to dismiss the implied-consent hearing.

The defendant argues that section 11—501.1(c) (Ill. Rev. Stat.

1981, ch. 95½, par. 11—501.1(c)) provides a jurisdictional condition precedent to an implied-consent hearing by virtue of the following language of the statute:

> "*** Such hearing shall proceed in the court in the same manner as other civil proceedings, shall cover only the issues of whether the person was placed under arrest for an offense as defined in Section 11—501 of this Code or a similar provision of a local ordinance as evidenced by the issuance of a uniform traffic ticket; ***."

■■ It is defendant's contention that the foregoing language requires that his arrest must be evidenced by the issuance of a valid uniform traffic ticket and that the ticket issued to him was void because it merely charged him as "driving under the influence." The State, on the other hand, argues that even if the ticket was insufficient for the purpose of serving as a complaint, it is a sufficient means of proving an arrest for the purpose of an implied-consent hearing. We agree with the State.

■■ ■ Justice Webber of the Fourth District Appellate Court has authored two well-reasoned opinions which are dispositive of this appeal. (See *People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 454 N.E.2d 1166; and *People v. Horberg* (1984), 123 Ill. App. 3d 456, 462 N.E.2d 831.) In *Ellerbusch*, it was determined that the issuance of a ticket is directory and not mandatory, "it is only one way in which the fact of arrest may be established." (118 Ill. App. 3d 500, 503, 454 N.E.2d 1166, 1168.) The defendant in the instant case does not argue that he was not arrested but in his brief admits that he was. The issuance of a traffic ticket need not precede an officer's request that a driver of a motor vehicle take a breath test. (*People v. Wierman* (1982), 107 Ill. App. 3d 7, 436 N.E.2d 1081.) The defendant's argument that to effect an arrest there must be an issuance of .a valid traffic ticket is without merit. In the case of *Horberg*, a traffic ticket issued to a driver was found to be invalid for the identical reason as that present in the instant case. The State in *Horberg* did not refile a charge as was done in the instant case, yet the Fourth District Appellate Court held that the invalid ticket was evidence of an arrest and would satisfy the statutory requirements for an implied-consent hearing. *People v. Horberg* (1984), 123 Ill. App. 3d 456, 462 N.E.2d 831.

■■ The defendant attempts to attach importance to the fact that, after the State filed the information which correctly charged him, the State had ample opportunity to file a refusal to take a chemical test upon the charge contained in the information, but, having failed to do so, the defendant was prejudiced, as he was required to be subjected

to an implied-consent hearing on a charge for which he could have never been convicted. Stated more concisely, the defendant in another manner again raises his claim that an implied-consent hearing must be supported by the issuance of a charge against him. As heretofore noted, such is not the law.

██ ■ The defendant overlooks the nature of an implied-consent hearing. The court does not suspend the drivers license. Rather, that is an administrative function of the Secretary of State and is not penal in nature. (*People v. Finley* (1974), 21 Ill. App. 3d 335, 315 N.E.2d 229.) An implied-consent hearing covers only the issues of (1) whether the person was placed under arrest for an offense described in section 11—501; (2) whether the arresting officer had reasonable grounds to believe that such person was driving under the influence of alcohol; and (3) whether such person refused to submit to the test upon the request of the law enforcement officer. See *People v. Horberg* (1984), 123 Ill. App. 3d 456, 459, 462 N.E.2d 831, 833.

██ The circuit court was correct in finding that the defendant was arrested for an offense described in section 11—501(a)(2), and hence was correct in denying the motion to dismiss the implied-consent hearing.

██ It is unfortunate that there was such a long passage of time between defendant's arrest and the implied-consent hearing. However, we fail to find that the delay in any way prejudiced the defendant. He was plainly aware of his right to the implied-consent hearing. It can be assumed that the delay is attributable to the defendant. If he had taken no action, his license would by operation of law have been suspended after 28 days had expired from the time he received notice of his right to a hearing.

██ We have alluded to the fact that the record in this appeal is scant. Any doubts arising from an incomplete record on appeal must be resolved against the defendant, whose responsibility it is to provide a complete record for review. *People v. Hefley* (1982), 109 Ill. App. 3d 74, 440 N.E.2d 173.

For the reasons set forth the judgment of the circuit court of Adams County is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.