THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD RATHNAU, Defendant-Appellee.

First District (4th Division)   No. 84—1785

Opinion filed January 16, 1986.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mary Ellen Dienes, and Christina Mundy, Assistant State's Attorneys, of counsel), for the People.

Richard Rathnau, for appellee, *pro se.*

PRESIDING JUSTICE LINN delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Cook County following an implied-consent hearing conducted pursuant to section 11—501.1 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.) At the conclusion of the hearing the trial court, in an exercise of judicial lenity, found that there was no probable cause to arrest defendant for driving under the influence of alcohol. The State appeals, contending that the dismissal of the petition based upon a finding of no probable cause was manifestly erroneous and the exercise of judicial leniency was in direct contravention of the Illinois implied-consent statute. Defendant has not filed a responsory brief in this court, and we will therefore consider the issues under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that on October 5, 1983, defendant was arrested and charged with improper lane usage and driving under the influence of alcohol by Olympia Fields police officer James Keith. Defendant then filed a motion to quash his arrest and suppress evidence, alleging that at the time of the arrest the officer did not have probable cause to believe that he was involved in a crime. At the hearing on this motion, Officer Corliss Shotke testified that she accompanied defendant's wife to the marital home of the parties on the date of the arrest and observed defendant in the driveway for a few minutes. She noticed that his eyes were glassy, his speech was slurred and he appeared to be intoxicated. When defendant entered his car and drove off, she radioed the description of the vehicle he was driving and the fact that he appeared to be intoxicated to Officer Keith.

Keith testified that he received this call and observed defendant's vehicle as it turned westbound onto Lincoln Highway. He followed it for about a quarter of a mile and observed that defendant was driving rather slowly on the crowded highway, then saw him straddle the two westbound lanes and at one point drive over the curb. Keith executed a traffic stop and asked the defendant for his license. At this time he observed that defendant's eyes were red and glassy, his clothes were in disarray and there was a strong odor of alcohol emanating from the passenger compartment of the car. When defendant stepped out, he staggered, stumbled and attempted to regain his balance with the aid of the car; Keith also detected an order of alcohol on his breath. Defendant was unable to perform the standard coordination tests demonstrated by the officer, and when he was told that he was going to be arrested, defendant balked, refused to place his hands behind his back and had to be placed in restraints. Keith issued citations for

improper lane usage and driving under the influence of alcohol, and also filed his sworn statement of defendant's refusal to submit to chemical tests as requested.

Based upon the evidence presented, the court found probable cause for the arrest, and denied defendant's motion. Defendant then filed a request for an implied-consent hearing which was held on July 16, 1984. At that time defendant waived his right to a jury trial, entered a plea of guilty to both traffic charges, was placed on nonreporting court supervision for one year and fined $400. Defendant then stipulated to the facts on the issue of implied consent, and the court announced its finding as follows:

> "Well, Mr. Rathnau, you really haven't got a leg to stand on on these implied consents. You should lose your license for six months. Any person who is employed and has gone through the lengths that you have gone through; first of all, you have a low factor from the ASEP people. You have gone not only to the in-patient which is very—a very extensive situation at Lutheran General and completed that satisfactorily. And you're continuing in it. And I don't see that anyone who has gone to those lengths should at any time lose their license for six months. I hope that you have learned your lesson and you have come to grips with your problem. And although there is just no question that in anybody's mind that under the law you're guilty of violating the implied consent, there is a finding of no probable cause, which is strictly on the basis of my judicial leniency."

The State appeals from this order.

An implied-consent hearing is a civil proceeding separate and apart from the criminal action of driving under the influence of alcohol. (*People v. Golden* (1983), 117 Ill. App. 3d 150, 453 N.E.2d 15.) The issues involved in such a hearing are whether there is evidence to establish that defendant was placed under arrest for driving under the influence of alcohol, whether the arresting officer had reasonable grounds to believe that defendant was driving while under the influence of alcohol, and whether defendant refused to submit to the test upon the request of the officer. (Ill. Rev. Stat. 1983, ch. 38, par. 11—501.1(c); *People v. Keller* (1984), 128 Ill. App. 3d 325, 470 N.E.2d 1200.) The State has the burden of proving these issues by a preponderance of the evidence, and a finding in favor of defendant will be overturned on appeal only if it is contrary to the manifest weight of the evidence. *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.

The record shows that defendant was arrested for driving while

under the influence of intoxicating liquor (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)) and issued a traffic citation for this offense by the arresting officer. At the hearing on defendant's motion to quash his arrest, the arresting officer testified to the circumstances surrounding the arrest, including defendant's erratic operation of the motor vehicle, his appearance, slurred speech pattern, combative nature and the strong odor of alcohol about him. Clearly, these facts and circumstances observed by the police officer at the time of the arrest were sufficient to warrant a man of reasonable caution to believe that defendant was driving a motor vehicle while under the influence of alcohol. (See *People v. Moody* (1983), 94 Ill. 2d 1, 445 N.E.2d 175.) In addition, the arresting officer filed a report of defendant's refusal to submit to a chemical test upon request and set forth the grounds upon which he based probable cause to believe that defendant was driving under the influence. The content of this report was not questioned by defendant when he entered a plea of guilty to the charge nor when he stipulated to the facts on the issue of implied consent.

■ We note that a guilty plea to a traffic offense has been held to be a judicial admission which is proper evidence against a defendant in a civil proceeding arising from the same incident; in an implied-consent hearing, it is relevant to the requirement of proof that the arresting officer have reasonable cause to believe that defendant was driving while under the influence of alcohol. (*People v. Barry* (1985), 134 Ill. App. 3d 494, 481 N.E.2d 19; *People v. Powell* (1982), 107 Ill. App. 3d 418, 437 N.E.2d 1258.) In the instant case defendant pleaded guilty to driving under the influence, then stipulated to the facts involved in the implied consent. His plea was therefore relevant to the issue of whether the arresting officer had reasonable grounds to believe that he was driving under the influence. *People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878.

The record, including the remarks of the trial court following the stipulation, clearly indicate that there was no real question on this issue, but the court nevertheless entered a finding of no probable cause in an exercise of judicial leniency. The court's finding of no probable cause under the circumstances evident in this record was clearly contrary to the manifest weight of the evidence. See *People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878; *People v. Powell* (1982), 107 Ill. App. 3d 418, 437 N.E.2d 1258.

The remaining question is whether the court's exercise of judicial leniency in the implied-consent proceeding was proper. A recent decision by this court has determined that an implied-consent proceeding is not a proper forum for invoking that concept. (*People v. Creighton*

(1985), 135 Ill. App. 3d 952.) Under facts similar to those at bar, the *Creighton* court held that the implied-consent statute does not authorize a trial court to exercise this type of discretionary power.

■■ An implied-consent hearing covers only the issues of whether there were reasonable grounds to believe that defendant was driving while under the influence of intoxicating liquor, whether he was placed under arrest for this offense and whether he refused to submit to the tests requested by the officer. (*People v. Adams* (1984), 128 Ill. App. 3d 725, 471 N.E.2d 575.) Once a judicial determination has been made, the clerk of the court is required to notify the Secretary of State of the court's decision. If the court finds adversely to defendant in this matter, the Secretary of State, who retains the exclusive authority to suspend driving privileges (Ill. Rev. Stat. 1983, ch. 95½, par. 6—201(c)), "shall thereupon suspend" defendant's driver's license. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).

■■ The statute permits a trial court to recommend to the Secretary of State that a person be given a restricted driving permit to prevent undue hardship (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c)); but this appears to be the only type of leniency envisioned by the legislature to offset the suspension of driving privileges in cases such, as here, where the court found that the driver had made significant steps in addressing and correcting his problem and that his employment required the use of a car. However, given the obvious purpose of the statute to protect citizens of this State upon its highways (see *People v. Porretta* (1984), 127 Ill. App. 3d 572, 469 N.E.2d 314; *People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 454 N.E.2d 1166) and the role of the court in an implied-consent proceeding (*People v. Farr* (1976), 63 Ill. 2d 209, 347 N.E.2d 146), we do not believe this allowance or concession to hardship may be expanded to permit a trial court to ignore the fact that defendant was driving under the influence, and through an exercise of judicial leniency alter the inevitable result of a finding of probable cause in an implied-consent hearing. *People v. Creighton* (1985), 137 Ill. App. 3d 952.

We therefore reverse the order entered by the circuit court and remand for further proceedings consistent with this order.

Reversed and remanded.

JOHNSON and McMORROW, JJ., concur.