THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL J. WEIGT et al., Defendants-Appellees.

Third District    Nos. 3—86—0404, 3—86—0408, 3—86—0482 cons.

Opinion filed May 28, 1987.

William Herzog, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Adrienne W. Albrecht, of Sacks & Albrecht, and Gregory W. Morgan, of Morgan, Regas & Glazer, both of Kankakee, for appellees Michael J. Weigt and Ralph C. LaFaber.

Greg Morgan, of Kankakee, for appellee Lance R. Davis.

JUSTICE BARRY delivered the opinion of the court:

The People of the State of Illinois appeal from orders of the circuit court of Kankakee County which rescinded the summary suspen-

sion of driving privileges of Michael Weigt, Ralph LaFaber, and Lance Davis. We have consolidated these three appeals for purposes of decision, and we affirm the trial court in all three.

Defendant Weigt was arrested on April 29, 1986, and was asked by the arresting officer to submit to a chemical test to determine the amount of alcohol in his blood. He was warned that if such a test disclosed an alcohol concentration of 0.10 or more, his driving privileges would be suspended for a minimum of three months. Weigt submitted to the test, which disclosed an alcohol concentration of 0.15. The arresting officer then filled out a form entitled "Law Enforcement Sworn Report" which informed Weigt that, since his alcohol level was above 0.10, his driver's license would be suspended for a minimum of three months and that the suspension would take effect on the 46th day following the issuance of the notice.

The report form contained a statement that the officer did "solemnly, sincerely, and truly declare and affirm" that he had placed Weigt under arrest for a violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501), that he had complied with section 11—501.1 by having reasonable grounds to believe defendant was in violation of section 11—501, and that he had served immediate notice of summary suspension of driving privileges on Weigt pursuant to section 11—501.1. The report form was signed by the officer and did not contain any place for swearing under oath before an official authorized to administer oaths.

A confirmation of the summary suspension was sent by the Kankakee County circuit clerk to Weigt informing him that the suspension was effective at 12:01 a.m. on June 14, 1986, for a period of three months. Meanwhile, on May 2, Weigt filed a petition to rescind the suspension, alleging that he was not properly placed under arrest, that the arresting officer did not have reasonable grounds to believe that he was driving while under the influence of alcohol, and that he was not properly warned. At the bottom of the petition was a statement advising Weigt that the hearing would be limited to the issues he raised in the petition.

Weigt's hearing was held on May 22, 1986. According to the report of proceedings, Weigt moved to dismiss the "Law Enforcement Sworn Report" because no oath was administered by a person authorized to do so pursuant to "An Act to revise the law in relation to oaths ***" (Ill. Rev. Stat. 1985, ch. 101, pars. 1, 2). The State opposed the motion on the grounds that an oath administered by a notary public or other official is not required by the Illinois Vehicle Code and that any irregularity can be cured by the officer's swearing to his

certification in open court at the hearing. However, the State made no motion asking that the irregularity be cured by the officer's swearing to his certification in open court. The trial judge granted defendant's motion to dismiss the "Law Enforcement Sworn Report" and rescinded the summary suspension of his driver's license.

Ralph LaFaber was arrested on April 9, 1986, for driving while under the influence of intoxicating alcohol. After being given the appropriate warnings, he submitted to a chemical test which disclosed a blood-alcohol concentration of 0.17. The officer filled out a "Law Enforcement Sworn Report" in the same form as in the Weigt case. On April 25 a certification was sent by the circuit clerk notifying LaFaber that his license would be suspended for three months beginning May 25. LaFaber filed a petition to rescind which was in the same form as was the petition filed by Weigt. The State obtained a continuance on May 20, and the case was not heard until June 2—eight days after the effective date of the suspension. At the hearing LaFaber orally moved to rescind on the ground that the "Law Enforcement Sworn Report" was not sworn to, and, according to the report of proceedings, the State opposed the motion on the same grounds as those asserted in the Weigt case. However, there is no indication in the record whether the State asked or failed to ask for the officer to swear in open court to the matters set forth in the report. The trial court granted LaFaber's motion and rescinded the summary suspension of his driver's license.

Ralph Davis was arrested for driving while under the influence of alcohol on May 4, 1986, and after being given the required warnings, Davis refused to submit to a chemical test to determine the amount of alcohol in his blood. The officer filled out a "Law Enforcement Sworn Report" which was in the same form as the other two cases, except that the suspension of driving privileges was based upon the refusal to take the test. The suspension would take effect 46 days after the notice, which would be 12:01 a.m. on June 19, 1986. On June 5, Davis filed a petition to rescind the statutory summary suspension which was identical to the petition filed by Weigt and LaFaber. The case was set for hearing at 10:30 a.m. on June 19, 1986. At the hearing, the defendant moved to rescind on the ground that the report was not sworn to, and the State moved to have the report sworn to in open court. The State's motion was denied, and defendant's motion was allowed.

In seeking reversals of the orders rescinding the suspensions of the licenses of these three defendants, the State argues (1) that the issue of a failure to swear under oath was waived when it was not

included in the written petitions filed in the circuit court and (2) that any defect could have been cured by allowing the arresting officers to swear to the contents of the report in open court.

■ Although the petition for rescission filed in each of these cases did not assert as error the failure of the arresting officer to swear to the report, we do not agree that the issue was waived. In each case, the defendant raised the issue by motion prior to the presentation of any evidence at trial. The State does not claim to have been prejudiced by defendants' oral motions on the day of the hearing. Furthermore, there is nothing in the record to indicate that the State objected to the oral motions on the ground that defendants had failed to include this issue in their written petitions. The State cannot assert on appeal an alleged error which was never brought to the attention of the trial court. We hold that the trial court did not err in considering the issue of the officer's failure to swear to his report under oath.

■ As aforesaid, the State also contends that any defect in the failure to swear under oath could be cured by the officer's swearing to the correctness of his report in open court at the hearing. This argument is without merit in the case of Weigt because the report of proceeding says explicitly that the State did not request the officer to testify in open court. It would appear that the State waived that argument in the case of Weigt.

As to LaFaber and Davis, the record is clear that in each case the hearing was held after the suspension of the defendants' licenses had become effective. At that point in the proceeding, testimony in open court could no longer restore the defendant to his original condition because the defendant had already been deprived of his driver's license. The days lost could not be regained if the post-deprivation hearing disclosed an erroneous decision on the part of the officer. In neither case was the hearing postponed at the request of the defendant. Thus the fact that the hearing was held after the effective date of the suspension was not affected by any action of the defendant.

For the reasons stated, we affirm the orders of the trial courts in these causes.

Affirmed.

WOMBACHER and SCOTT, JJ., concur.