THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GAYLE L. GERKE, Defendant-Appellee.

Second District   No. 2—86—0551

Opinion filed May 29, 1987.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Judith M. Pietrucha, Assistant State's Attorneys, of counsel), for the People.

John F. Donahue, of Oak Brook, for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from the dismissal by the circuit court of the summary suspension of the driver's license of defendant, Gayle L. Gerke. We reverse.

Defendant was arrested on January 26, 1986, for driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501) and for not having a registration plate lamp on her vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 12—201(c)). She submitted to a blood-alcohol test when requested by the arresting officer pursuant to section 11-501, which disclosed a blood-alcohol content of 0.22, and was subsequently given notice and confirmation of the summary suspension of her driver's license by the Secretary of State. (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1(f), (g).) On February 11, 1986, defendant filed a petition for a hearing of the statutory summary suspension pursuant to section 2—118.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch.

95½, par. 2—118.1); however, she subsequently withdrew that request prior to the hearing.

Trial of the DUI charges was to commence on May 13, 1986; however, the State presented a written motion for a continuance, supported by affidavit, on grounds that the arresting officer and breathalyzer operator was not present because of a death in his family. When the trial court denied the continuance the State nol-prossed the charges against defendant, indicating they would be refiled at a later date. Defendant thereupon moved that the summary suspension of her driver's license be rescinded by the court on the grounds that the DUI charge had been dismissed and nothing remained to support the suspension. The trial court agreed, finding that a summary suspension of a driver's license relies for its existence upon a pending underlying criminal case, and ordered that the suspension be rescinded. The State has appealed.

The State contends that the *nolle prosequi* of the underlying criminal case had no effect upon the continuation of the pending implied consent proceedings and that the trial court lacked authority to rescind the statutory summary suspension of defendant's license under these facts. Defendant asserts the trial court court properly exercised its discretion in doing so as a license suspension is a part of the criminal process and may not proceed after dismissal of the underlying charge.

The Illinois implied consent statute (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1) provides that the act of operating a motor vehicle on the State's highways constitutes consent to submit to a blood-alcohol test if the requesting officer has reasonable grounds to believe that the operator is driving under the influence of alcohol. If the person refuses, he is to be given notice of the summary suspension of his driver's license and mailed a confirmation notice (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(h)), and he is given an opportunity for a hearing in the circuit court on whether the suspension will continue or be rescinded (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1).

■ An implied consent hearing is civil in nature and is a separate and distinct proceeding from the underlying criminal action. (*People v. Golden* (1983), 117 Ill. App. 3d 150, 153-54, 453 N.E.2d 15; *People v. Cassidy* (1978), 67 Ill. App. 3d 43, 47, 384 N.E.2d 599.) The hearing is limited in scope and the only relevant issues are whether defendant was in fact placed under arrest pursuant to section 11—501 or a similar municipal ordinance; whether the arresting officer had reasonable grounds to believe defendant had committed such an offense; whether defendant, after being advised by the arresting officer his driver's license would be suspended if he refused to submit to a chemical test,

or, does so resulting in a determination of an alcohol concentration of 0.10 or more; and whether defendant in fact refused to submit to the test or did so and the results were 0.10 or more. Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1; *People v. Adams* (1984), 128 Ill. App. 3d 725, 729, 471 N.E.2d 575; *People v. Bafia* (1983), 112 Ill. App. 3d 710, 717, 445 N.E.2d 878.

In *People v. Horberg* (1984), 123 Ill. App. 3d 456, 462 N.E.2d 831, the court held that a valid traffic ticket was not necessary to establish that defendant had been arrested for purposes of an implied consent hearing and that the trial court erred in directing a finding for defendant where the underlying ticket had been dismissed for a technical deficiency. 123 Ill. App. 3d 456, 459, 462 N.E.2d 831; see also *People v. Adams* (1984), 128 Ill. App. 3d 725, 729, 471 N.E.2d 575; *People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503, 454 N.E.2d 1166.

The State contends that the *nolle prosequi* of the charge of driving under the influence of alcohol is equivalent to the dismissal of the ticket in *Horberg* and does not affect the implied consent proceeding. Defendant argues that the real purpose of the implied consent statute is to assist in obtaining evidence for the DUI trial and reasons that when the underlying DUI charge has been disposed of, the implied consent proceeding serves no purpose, citing *State v. Brooks* (1983), 113 Wis. 2d 347, 335 N.W.2d 354. In *Brooks*, the Wisconsin Supreme Court found that Wisconsin's implied consent law (Wis. Stat. sec. 343.305 (1971)) is designed to aid in gathering evidence for the driving under the influence prosecution. Thus, after a defendant had pleaded guilty, the reason for the penalty for failure to submit to testing no longer existed, and the court had discretion to dismiss the implied consent proceeding. *State v. Brooks* (1983), 113 Wis. 2d 347, 348-49, 335 N.W.2d 354, 354-55.

This court considered a similar argument in *People v. Kaegebein* (1985), 137 Ill. App. 3d 837, 485 N.E.2d 467, where it was noted that the Illinois Code of Civil Procedure, which is applicable to an implied consent hearing, offers no basis for the dismissal of a civil case because of the disposition of a criminal case arising from the same set of facts. 137 Ill. App. 3d 837, 839-40, 485 N.E.2d 467; *cf.* Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3); see *Koss v. Slater* (1987), 116 Ill. 2d 389, 392.

Other Illinois courts have rejected similar arguments, determining that the proper version of section 11—501.1 provided that the court, after making the requisite factual findings, did not suspend a defendant's license. Rather, the court was required to send notice to the Secretary of State, who suspended the license as a purely administra-

tive act. (*People v. Shaffer* (1985), 134 Ill. App. 3d 548, 551, 481 N.E.2d 61; see also *People v. Rathnau* (1986), 140 Ill. App. 3d 88, 92, 488 N.E.2d 657; *People v. Creighton* (1985), 137 Ill. App. 3d 952, 955, 485 N.E.2d 547; *People v. Adams* (1984), 128 Ill. App. 3d 725, 729, 471 N.E.2d 575; *People v. Horberg* (1984), 123 Ill. App. 3d 456, 458, 462 N.E.2d 831.) The only avenue of discretion open to the court under the prior act was the recommendation of a restricted driving permit based on undue hardship. *People v. Creighton* (1985), 137 Ill. App. 3d 952, 955-56, 485 N.E.2d 547.

The summary statutory suspension process applicable to defendant was amended, effective January 1, 1986. In that version, statutory summary alcohol or other drug related suspension of driver's privileges is defined as "withdrawal by the circuit court of a person's license." (Ill. Rev. Stat. 1985, ch. 95½, par. 1—203.1.) Section 2—118.1(b) of the Illinois Vehicle Code now provides that after the court conducts an implied consent hearing, the "the circuit court shall continue or rescind the statutory summary suspension." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) Defendant argues that the 1986 amendments make Illinois' statutory scheme more like Wisconsin's, in which the circuit court is vested with some discretion concerning whether to continue the summary suspension.

The State concedes that the 1986 amendments do vest the circuit court with some discretion but argues that the suspension takes effect automatically and can only be rescinded by the court "[u]pon the conclusion of the judicial hearing." (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b).) We agree that, as defendant in this case withdrew her request for a hearing, the trial court was deprived of the opportunity to exercise its discretion, and we consider that the suspension continued in effect.

■■ Also, we find that *Brooks* is distinguishable for another reason. There, defendant had pleaded guilty in the underlying criminal proceeding. The Wisconsin court noted that the usual period of revocation under the criminal statute was identical to the statutory suspension period and considered that the implied consent hearing thus became a superfluous procedure, a waster of judicial resources. (*State v. Brooks* (1983), 113 Wis. 2d 347, 356-57, 335 N.W.2d 354.) In the present case, the underlying criminal charge was nol-prossed. Unlike the Wisconsin statute, Illinois courts have held that the primary purpose of the Illinois implied consent law is to protect the safety of Illinois citizens on the highways. (*People v. Horberg* (1984), 123 Ill. App. 3d 456, 459, 462 N.E.2d 831.) Where, as here, the underlying charge is dismissed or otherwise concluded, the implied consent procedures

available to the State and to the defendant remain intact.

■■ Defendant also argues that the trial court's action was necessary to enforce defendant's due process rights in her driver's license. Although the State asserts that this argument has been waived because it was not presented to the trial court, an appellee may defend the judgment of the trial court on any basis which appears in the record. (*Peters & Fulk Realtors, Inc. v. Shah* (1986), 140 Ill. App. 3d 301, 307-08, 488 N.E.2d 635.) Nonetheless, defendant's argument is without merit.

■■ While a driver's license is a protectable property interest for purposes of the due process clause (*Dixon v. Love* (1977), 431 U.S. 105, 112, 52 L. Ed. 2d 172, 179-80, 97 S. Ct. 1723, 1727), all that due process requires is a post-suspension evidentiary hearing. (*Mackey v. Montrym* (1979), 443 U.S. 1, 11, 61 L. Ed. 2d 321, 330, 99 S. Ct. 2612, 2617.) Defendant's attempt to distinguish *Mackey* is not persuasive. A Massachusetts procedure upheld in *Mackey* provided for an immediate post-revocation hearing, and the maximum length of the suspension was 90 days. The Illinois statute provides that the suspension will not be effective until defendant receives written notice. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(a).) Upon receiving notice, a defendant may request a hearing, which must be held within 30 days. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) Although the Illinois procedure provides for a maximum suspension of one year rather than 90 days, that is not the critical question; the issue is what type of hearing is required, and the Illinois statute fully complies with the due process requirements of *Mackey* by providing for a hearing within 30 days of receipt of notice of the suspension. (See *Mackey v. Montrym* (1979), 443 U.S. 1, 6, 61 L. Ed. 2d 321, 326-27, 99 S. Ct. 2612, 2615.) Furthermore, since defendant chose not to seek a hearing, she cannot complain that the type or timing of the hearing does not comport with due process.

■■ We conclude that after defendant withdrew her request for a hearing, the trial court lacked discretion to rescind the statutory summary suspension of her driving privileges. Accordingly, the order dismissing the summary suspension proceeding is reversed, and the cause is remanded with directions to notify the Secretary of State of the confirmation of the suspension. Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(h).

Reversed and remanded with directions.

DUNN and INGLIS, JJ., concur.