THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LEMUEL E. OSBORN, Defendant-Appellee.

Second District   No. 2—88—0907

Opinion filed June 22, 1989.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Donald N. Novelle and Michael O'Donnell, both of Serpico, Novelle, Dvorak & Navigato, of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:
The State appeals the judgment of the circuit court of Du Page County granting the petition of defendant, Lemuel Osborn, to rescind the statutory summary suspension of his driver's license. The court found in favor of defendant because defendant had not been served with notice of the summary suspension as required by statute

and due process of law. On appeal the State contends that since defendant availed himself of his right to a hearing, he was not prejudiced by the lack of statutory notice that he could avail himself of a hearing. This argument was not raised below and therefore has been waived for purposes of this appeal. *People v. Weigt* (1987), 155 Ill. App. 3d 862, 865, 508 N.E.2d 1183, 1185; *People v. Valdez* (1980), 81 Ill. App. 3d 25, 28, 400 N.E.2d 1096, 1098.

Even if the argument were properly before this court, we would find it unpersuasive. This case arose out of a charge of driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2)). A defendant's driver's license can be summarily suspended under section 11—501.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). The statute requires that a defendant be given immediate notice of the statutory summary suspension and the right to a hearing. (Ill. Rev. Stat. 1987, ch. 95½, pars. 2—118.1(a), 11—501.1(f—1).) Under section 2—118.1(b) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)), the defendant can petition the circuit court in a civil proceeding to rescind a section 11—501.1 summary suspension of his license.

In this case, the notice was never served. However, based on the law enforcement officer's sworn report, the Secretary of State issued a confirmation of statutory summary suspension. Defendant Osborn filed his petition to rescind under section 2—118.1 on the ground that the requisite notice had not been served. The circuit court agreed and entered the judgment of rescission.

■ The State argues that defendant had not been prejudiced by his failure to receive the notice, since he was able to bring a petition anyway. This argument is unpersuasive. The fact that defendant was diligent in protecting his rights cannot cure the failure of due process in not being served. The cases cited by the State (*In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501; *In re A.H.* (1988), 165 Ill. App. 3d 543, 519 N.E.2d 59) are not applicable. These cases do not deal with an indispensable party. The question of lack of notice in *Saal v. County of Carroll* (1989), 181 Ill. App. 3d 327, 336, 536 N.E.2d 1299, 1305, was moot as an opportunity to cure was given and the case decided on other grounds.

■ This court in *People v. Gerke* (1987), 156 Ill. App. 3d 43, 508 N.E.2d 1223, concluded that the statutory summary suspension procedure established by section 2—118.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) satisfied the requirements of due process and noted specifically that the "Illinois statute provides that the suspension will not be effective until defendant receives written notice."

(See *People v. Gerke* (1987), 156 Ill. App. 3d 43, 48, 508 N.E.2d 1223, 1226.) Moreover, this court held in *People v. Cooper* (1988), 174 Ill. App. 3d 500, 528 N.E.2d 1011, that where, through an uncorrected administrative error, the notice bore the date of April 11, whereas the breathalyzer test was not given until shortly after midnight the next day, April 12, the notice was defective and would not support the denial of defendant's petition to rescind the summary suspension. We reversed the trial court's denial of the petition. Thus, these cases establish that the service of the notice is a necessary part of the summary suspension of a driver's license. The suspension cannot take effect until 46 days after the notice is given to defendant. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(g).) This requirement is reiterated in section 2—118.1(a). Failure to give notice would mean that a suspension would pend indefinitely. Due process requires that a defendant be given notice as required by statute. (See U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2; *People v. Orth* (1988), 124 Ill. 2d 326, 334, 530 N.E.2d 210, 214.) Thus, until defendant was served with notice of summary suspension there could be no suspension either to be confirmed or otherwise. The trial court did not err in rescinding the purported suspension.

For these reasons, the judgment of the circuit court is affirmed.

Affirmed.

WOODWARD and DUNN, JJ., concur.