THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JANEY B. WIREMAN, Defendant-Appellee.

Third District   No. 3—88—0450

Opinion filed April 3, 1989.

Gordon L. Lustfeldt, State's Attorney, of Watseka (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Leonard Sacks, of Kankakee, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Illinois State Trooper Kevin Dallas arrested the defendant, Janey B. Wireman, for driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)). The State summarily suspended her driver's license after a breathalyzer test revealed that her breath-alcohol concentration was .22. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1.) The defendant subsequently filed a petition to rescind the statutory suspension, alleging among other matters that the arresting officer had not had reasonable grounds to believe that she was driving or in actual physical control of a motor vehicle while under the influ-

ence of alcohol. The trial court granted her petition, finding that although the arresting officer had reasonable grounds to believe that the defendant was driving, she was in fact not driving. The State appeals.

At the hearing on the petition, Trooper Dallas testified that at approximately 11:40 p.m., on February 19, 1988, he came across a blue Buick stuck in a ditch along Route 45 near Gilman. Trooper Dallas did not see the car go into the ditch nor did he know how long it had been there. Upon further observation, he noticed that steam was coming from the engine area. Dallas also noticed that the engine was not running and the keys were not in the ignition. He testified that about a half minute after he arrived on the scene, a vehicle proceeding northbound on Route 45 stopped and the defendant exited from the passenger's side. Dallas testified that as the defendant walked toward him, he asked her whose car was in the ditch and who was driving. According to Dallas, the defendant responded that it was her car and that she was driving to pick up her husband. Trooper Dallas noticed that the defendant smelled of alcohol and appeared intoxicated. He testified that she said she had been drinking since 9 p.m. Dallas further testified that the defendant never told him that someone else had driven the car into the ditch. A license check revealed that the vehicle was registered to the defendant.

The defendant testified that she and her husband had gone out on the evening of February 19, 1988. She stated that while she had been drinking before the accident, her husband was driving when the car went into the ditch. She and her husband then got out of the car and began walking along the road. The couple was picked up by a motorist and given a ride to the K & H Restaurant, which was about 1½ miles down the road.

As a result of an argument at the restaurant, the defendant left and began walking back toward her car. She ultimately received a ride back to her car from a passing motorist. She reiterated that she had not driven her car into the ditch and stated that she did not recall telling the trooper that she had driven it there. She noted that she was scared at the time and that the officer thought that she was the driver.

Wilson Jackson, the defendant's husband, testified to the same sequence of events, including the fact that he was driving the car when it went off the road. He stated that after his brother picked him up at the K & H Restaurant, the two of them returned to the scene of the accident and discovered that the car was gone. He eventually picked up his wife at the police station, but did not tell anyone there that he

was the driver of the car, since his wife was sitting in the lobby when he arrived.

The trial court found that the arresting officer had reasonable grounds to believe the defendant was operating a motor vehicle while under the influence of alcohol. The court further found, however, that the defendant was in fact not the driver of the vehicle and that the legislature could not have intended for a person who was not driving to be subject to a summary suspension of his or her driver's license. The court therefore rescinded the summary suspension.

On appeal, the State argues that the trial court went beyond the scope of inquiry permitted in a summary suspension hearing. The State contends that the court could only decide whether the peace officer had reasonable grounds to believe the defendant was driving a motor vehicle while under the influence of alcohol. In this regard, the State maintains that the scope of inquiry permitted by section 2—118.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1) does not include a determination of whether the defendant was in fact driving and therefore the court's decision was improper. The defendant argues that to sustain the police officer's finding of reasonable grounds, the court must as a preliminary matter be satisfied that the defendant was driving or in actual physical control of a motor vehicle.

Initially, we note that section 2—118.1(b) of the Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)) limits the scope of a hearing on a petition to rescind to the following specific issues:

"1. Whether the person was placed under arrest for an offense as defined in Section 11—501, or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket; and

2. Whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol, other drug, or combination thereof; and

3. Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test or tests to determine the person's alcohol or drug concentration; or

4. Whether the person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person submits to a chemical test, or tests,

and such test discloses an alcohol concentration of 0.10 or more, and such person did submit to and complete such test or tests which determined an alcohol concentration of 0.10 or more."

We further note that the provisions of section 2—118.1(b) must be read in conjunction with section 11—501.1 of the Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1), since section 11—501.1 forms the foundation upon which a summary suspension may be entered. (*People v. Hamilton* (1987), 118 Ill. 2d 153, 514 N.E.2d 965.) Section 11—501.1(a) provides that anyone who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent to a chemical test for the purpose of determining the alcohol content of his blood if he is arrested. Furthermore, section 11—501.1(d) provides that if the person submits to a test which discloses an alcohol concentration of 0.10 or more, the law enforcement officer shall immediately submit a sworn report to the Secretary of State. Upon receipt of the sworn report, the Secretary of State shall enter the statutory summary suspension. Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(e).

■ In construing statutes, courts presume that the legislature did not intend absurdity, inconvenience, or injustice. (*Illinois Crime Investigating Comm'n v. Buccieri* (1967), 36 Ill. 2d 556, 224 N.E.2d 236.) Moreover, a statute will be interpreted so as to avoid a construction which would raise doubts as to its validity. *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 489 N.E.2d 1374.

■ Applying these principles of statutory construction to the interrelated statutes involved in this case, we find that the legislature did not intend to impose a summary suspension upon a person who was not driving or operating a motor vehicle while under the influence of alcohol. The fact that the arresting officer had reasonable grounds to believe that the licensee had been driving may be sufficient to authorize an alcohol-content test, but it is not sufficient to support a summary suspension if it is later determined at a hearing to rescind that the licensee was in fact not driving or operating a motor vehicle. For us to hold otherwise would result in an interpretation of section 2—118.1 which would leave a licensee subject to the summary suspension of his license even where he could show that he was not driving or operating a motor vehicle. Such a result would create an intolerable risk of an erroneous deprivation of the privilege to drive, resulting in the denial of the individual's due process rights. (See *Mathews v. Eldridge* (1976), 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893.) We will avoid such a construction of this statute, which would

raise doubts about its validity. Accordingly, we find that a trial court may properly grant a defendant's petition to rescind where the defendant shows by a preponderance of the evidence that he was in fact not driving or operating a motor vehicle.

Turning to the issue of whether the instant court's decision was proper, we note that at a hearing on a petition to rescind a statutory summary suspension, the burden of proof is on the motorist. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) A reviewing court will not disturb the trial court's finding unless it was manifestly erroneous. (*People v. Repp* (1988), 165 Ill. App. 3d 90, 518 N.E.2d 750.) Based on the record before us, we cannot say that the trial court's finding was manifestly erroneous. The defendant presented sufficient evidence to support her position that she was not the person who drove her car into the ditch on the night in question.

The judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.