THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JERRY L. JONES, Petitioner-Appellant.

Third District   Nos. 3—89—0549, 3—89—0550 cons.

Opinion filed May 31, 1990.

HEIPLE, P.J., dissenting.

Greg McHugh, of Aledo, for appellant.

Michael J. Herr, State's Attorney, of Aledo (Judith Z. Kelly and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:
The petitioner, Jerry L. Jones, was arrested for driving under the

influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). The State summarily suspended his driver's license after he refused to submit to a breathalyzer test (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(d)). The petitioner subsequently filed a petition to rescind the statutory suspension, alleging that the arresting officer had not had reasonable grounds to believe that he was driving or in actual physical control of a motor vehicle while under the influence of alcohol. The petitioner further alleged that he was not placed under arrest prior to being asked to submit to a chemical test. The trial court denied his petition. He appeals.

Mercer County sheriff's deputy John Stewart's arrest report shows that on April 30, 1989, Jeff Clawson called the sheriff's department reporting that he had observed a vehicle in a ditch. Clawson further noted that there was only one person in the vehicle. Deputy Stewart responded to the call and observed the petitioner about 200 yards from his truck. The petitioner staggered as he walked, slurred his speech, and smelled strongly of alcohol. He told the deputy that he had been drinking but not driving and stated that another man had been driving, though he did not know the man's name. After taking the petitioner's keys, driving permit, and registration, Stewart took him to the sheriff's department. At the department, the petitioner refused to perform a field sobriety test and refused to take a breathalyzer test. According to the arrest report, after the petitioner refused to take the tests, Stewart arrested him for driving under the influence of alcohol.

At the hearing on the petition to rescind, the petitioner acknowledged that he had been drinking on the night in question. He testified, however, that he was not driving and claimed that an old friend named John was driving.

On appeal, the petitioner contends that the trial court erred in finding that the arresting officer had reasonable grounds to believe that he was driving under the influence of alcohol. He emphasizes his testimony that he was not driving and relies on *People v. Wireman* (1989), 181 Ill. App. 3d 385, 536 N.E.2d 1346, for the proposition that a summary suspension should be rescinded if it is later determined at a hearing to rescind that the licensee was in fact not driving.

■ A trial court may properly grant a petition to rescind where the petitioner shows by a preponderance of the evidence that he was in fact not driving or operating a motor vehicle. (*People v. Wireman* (1989), 181 Ill. App. 3d 385, 536 N.E.2d 1346.) At the hearing on the petition, the burden of proof is on the petitioner. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) A reviewing court will not

disturb the trial court's finding unless it was manifestly erroneous. *People v. Repp* (1988), 165 Ill. App. 3d 90, 518 N.E.2d 750.

Initially, we note that after reviewing the instant trial court's written order denying the petitioner's petition, we find the court's reasoning convoluted and unclear. There is, however, a presumption that the trial court acted correctly, and we will begin our review at that point. *People v. Henderson* (1985), 136 Ill. App. 3d 1041, 483 N.E.2d 1068.

■ In its order, the trial court specifically noted the petitioner's testimony that he was not driving. Moreover, the court noted that it was aware of the *Wireman* case. Nonetheless, the court refused to rescind the summary suspension of the petitioner's license. Under the circumstances, we do not find that the trial court's decision was manifestly erroneous. The court was not obligated to believe the petitioner's story and could in its role as trier of fact properly conclude that his testimony was not credible.

The petitioner next argues that the arresting officer was required to arrest him prior to asking him to submit to a chemical test. He further contends that the trial court erred in finding that he was arrested before he refused to submit to the breathalyzer test. He points out that the traffic citation shows that he was arrested at 12:35 a.m. on April 30, while the summary suspension form shows that he refused to submit to the breathalyzer test at 12:30 a.m. on April 30.

■ Initially, we note that we agree with the petitioner's position that in order for the chemical test refusal to have been admissible in the summary suspension hearing it must have been preceded by an arrest. Section 11—501.1 states that the statutory summary suspension provisions are triggered by an arrest for driving under the influence of alcohol. Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.1(a), (c).

■ Regarding the issue of when the petitioner was placed under arrest, we note that the issuance of a traffic ticket or the time of an alleged arrest mentioned in a police report is not conclusive evidence of an arrest. Rather, the standard for determining if and when an arrest has occurred is whether a reasonable man, innocent of any crime, would have concluded that he was not free to leave considering the surrounding circumstances. (*People v. Wright* (1985), 111 Ill. 2d 128, 490 N.E.2d 640.) Such circumstances include the continuing possession of the individual's driver's license by a police officer, the placing of an individual in a squad car, and the duration of the individual's detention. (*People v. Goodman* (1988), 173 Ill. App. 3d 559, 527 N.E.2d 1055.) The trial court's determination regarding whether an arrest occurred will not be disturbed on review unless it was manifestly erro-

neous. See *People v. White* (1977), 51 Ill. App. 3d 155, 366 N.E.2d 491.

█ In the instant case, Deputy Stewart noted in his arrest report that the petitioner smelled of alcohol and slurred his speech. The deputy then transported the petitioner back to his vehicle, seized his keys, license and registration, and took him to the sheriff's department. Under these circumstances, we find that a reasonable person would have believed he was not free to leave once the deputy retained his license and transported him to the sheriff's department. Accordingly, we further find that the trial court's determination that the petitioner was already under arrest when he refused to submit to the breathalyzer test was not manifestly erroneous.

The judgment of the circuit court of Mercer County is affirmed.

Affirmed.

SCOTT, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

The driver's license of the defendant, Jerry L. Jones, was summarily suspended after he refused to submit to a breathalyzer test following his arrest for driving under the influence of alcohol. Thereafter, the defendant filed a petition to rescind his statutory suspension. Following a hearing, the trial court denied the defendant's petition. The majority opinion affirms the denial of the petition. I dissent.

The agreed statement of facts reveals that in the early morning hours of April 30, 1989, someone called the Mercer County sheriff's office to report that he had observed a truck in a ditch one mile west of Aledo with one person in the truck. Deputy Sheriff John Stewart responded to the call and observed the defendant between 200 and 300 yards east of the truck walking toward Aledo. The defendant smelled of alcohol and slurred his speech. The defendant was taken to the sheriff's department, where he refused to perform a field sobriety test and refused to take a breathalyzer test.

At the trial court hearing on the defendant's petition to rescind his statutory summary suspension, the defendant testified that he was not the driver and that a friend had done the driving. The State offered no evidence with regard to whether the defendant was driving or in actual physical control of the truck. Rather, the State's entire case was premised on the officer encountering the defendant in a drunken condition some 200 to 300 yards from the defendant's truck. The trial court denied the defendant's petition to rescind his summary

suspension. I would reverse.

The majority, in affirming the trial court, cites to this court's recent decision in *People v. Wireman* (1989), 181 Ill. App. 3d 385, for the rule that, at a hearing on a petition to rescind a statutory summary suspension, the burden of proof is initially on the motorist. The majority further cites to the Illinois Supreme Court ruling of *People v. Orth* (1988), 124 Ill. 2d 326, for the rule that a trial judge's finding as to whether or not a motorist has established a *prima facie* case for rescission of a summary suspension of his driver's license will not be overturned on appeal unless it is against the manifest weight of the evidence. While I agree with the majority's recitation of the relevant case law, I disagree with the majority's application of that law to the case at hand. Here, the trial court ruling was against the manifest weight of the evidence, the defendant established a *prima facie* case for rescission, and the burden of proof shifted to the State to come forward with evidence showing that the officer had reasonable grounds to believe that the defendant was driving or in actual physical control of the truck.

In order to establish a *prima facie* case for rescission, the defendant must produce evidence of "any circumstance which tends to cast doubt" as to whether the defendant was driving or in actual physical control of the motor vehicle. (*People v. Orth* (1988), 124 Ill. 2d 326, 341.) Such evidence was presented. First, the defendant was found some 200 to 300 yards from his truck when the officer arrived at the scene. No minimum link was established to show that the defendant had driven the truck or had any actual physical control of the truck. Second, the defendant testified at trial that he was not driving the truck but that his friend, John, was driving the truck. This testimony was uncontradicted.

The burden then shifted to the State to prove the reasonableness of the officer's belief that the defendant had been driving or was in actual physical control of the truck while in an intoxicated condition. At the time the officer picked up the defendant and took him to the station for a sobriety test, the reasonableness of the officer's belief was premised on three salient facts. First, the call to the station that a truck was in a ditch with a person behind the wheel. Second, the officer's arrival at the scene where he found a truck in the ditch with the defendant some 200 to 300 yards away from the truck. And third, when the officer observed the defendant to smell of alcohol and to speak with slurred speech.

At the trial, however, no evidence was offered as to fact one above. The only evidence supporting the State's case was facts two

and three. That is to say, that there was a truck in the ditch with the owner standing some 200 to 300 yards away who smelled of alcohol and had slurred speech. The State offered no evidence to show how long the truck had been in the ditch, how it got there or who was driving it.

As noted in *People v. Wireman* (1989), 181 Ill. App. 3d 385, the legislature did not intend to impose a summary suspension upon a person who was not driving or operating a motor vehicle while under the influence of alcohol. The State's wholly circumstantial case was extremely weak at best. It was a bubble. When the defendant established a *prima facie* case that he was not the driver, the bubble burst. At that point, in the absence of any other evidence, the motion to rescind should have been granted. The defendant's evidentiary burden was met but the State's was not.

This is not to say that circumstantial evidence can never be sufficient. Indeed it can and often is. The defendant, typically, may be found asleep behind the wheel or be observed driving or exiting the vehicle or some such state of circumstances. No such evidence was offered in this case.

Accordingly, I dissent.