THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TODD B. MANNON, Defendant-Appellant.

Third District   No. 3—90—0842

Opinion filed August 14, 1991.

Louis E. Olivero & Associates, of Peru (Douglas B. Olivero, of counsel), for appellant.

Donald D. Knuckey, State's Attorney, of Lacon (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Todd Mannon, appeals the order of the circuit court of Marshall County denying his petition to rescind statutory summary suspension. We reverse.

The defendant was stopped in Henry by a police officer and charged with driving with no red taillights and no registration for his boat trailer. Immediately after the officer stopped the defendant's vehicle, he was advised by radio dispatch that defendant's driving privileges were revoked. Defendant was then taken into custody, searched, cuffed and transported to the Marshall County jail. When defendant was placed in custody, the officer did not make any mention or inquire of the defendant concerning possible alcohol intoxication. At the scene, the officer did not ask the defendant if he had consumed alcohol or request him to perform any field sobriety

tests. Upon arriving at the jail, the officer completed his paperwork for the initial charges, *i.e.*, driving while license revoked, no red taillights, and no boat trailer registration.

After completing this paperwork, the officer then asked defendant to perform field sobriety tests at the jail. The defendant complied. At the conclusion of the field sobriety tests, the officer admonished defendant concerning the statutory warnings for administration of breath or blood-alcohol tests. The officer requested defendant take a breathalyzer test. Defendant refused and was then arrested for "driving under the influence of alcohol" (DUI). In conjunction with defendant's arrest for DUI, a summary suspension of his driving privileges was issued 46 days later.

Defendant contends the trial court erred in denying defendant's petition to rescind the statutory summary suspension. We agree.

According to section 2—118.1(b) of the Vehicle Code (the Code), there are four areas of inquiry with respect to seeking rescission of a statutory summary suspension. (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).) As stated in section 2—118.1(b)(1) of the Code, the first area of inquiry is "Whether the person was placed under arrest for an offense as defined in Section 11—501 [of the Vehicle Code], or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket." (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)(1).) The test for determining whether an arrest has occurred is whether a reasonable man, innocent of any crime, would have concluded that he was not free to leave considering the surrounding circumstances. (*People v. Jones* (1990), 198 Ill. App. 3d 572, 555 N.E.2d 1143.) Factors to consider when determining if a suspect has been arrested include continuing possession of the defendant's driver's license by a police officer, placing of a suspect into a police car, and the duration of the suspect's detention. (*People v. Goodman* (1988), 173 Ill. App. 3d 559, 527 N.E.2d 1055.) At the time defendant was taken into custody, he was clearly under arrest *only* for driving while license revoked. The defendant was searched, cuffed and transported to the county jail. It was not until the officer completed the requisite paperwork concerning the initial charges that he investigated the possible DUI offense. Defendant was not advised, nor did he believe, he was under arrest for DUI until after he refused the officer's request to submit to a breathalyzer test. Furthermore, defendant was not served with a uniform citation for DUI nor had one been issued.

The applicable statute in this case provides in pertinent part:

"Any person who drives or is in actual physical control of a motor vehicle *** shall be deemed to have given consent *** to a *** test of *** breath *** if arrested, as evidenced by the issuance of a Uniform Traffic Ticket for any offense as defined in Section 11—501 ***." (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(a).)

Therefore, according to the statute, the prerequisite for a valid arrest for DUI is the issuance and service of a written citation sufficiently apprising the defendant he is, or has been, charged with DUI. According to section 11—501.1(a) of the Code, if a suspect has not been properly arrested for DUI by the service of a uniform citation, the statutory summary suspension shall not issue. In *People v. Wozniak* (1990), 199 Ill. App. 3d 1088, 557 N.E.2d 996, the defendant's summary suspension was properly rescinded because defendant had not been properly arrested pursuant to section 11—501.1(a) of the Code. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(a).) This court made clear in *Wozniak* that the statutory summary suspension provisions are triggered by an arrest pursuant to statute for DUI. The issuance of a uniform citation is the pivotal prerequisite that must be fulfilled in order to *arrest* a suspect for DUI. In reviewing the record in the present case, the officer did not issue or serve a citation upon the defendant until after he requested defendant undergo a breathalyzer. An arrest for DUI did not occur until following defendant's refusal to submit to a breath test. Therefore, the summary suspension of his driving privileges should have been rescinded by the trial court.

For the reasons heretofore indicated, the order of the circuit court of Marshall County is reversed.

Reversed.

SLATER and GORMAN, JJ., concur.