THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM A. BAHNFLETH, Defendant-Appellee.

Third District   No. 3—92—0007

Opinion filed August 18, 1992.—Rehearing denied September 25, 1992.

Erik I. Blanc, State's Attorney, of Pekin (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Edward Orr, of Reardon, Orr & Dvorak, of East Peoria, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The defendant, William A. Bahnfleth, was charged with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2)). Thereafter, he received notice that his license would be summarily suspended. The defendant subsequently filed a petition to rescind (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1) alleging that he had not been properly arrested. The trial court agreed and rescinded the statutory summary suspension. The State appeals the trial court's order. We reverse.

At the hearing on the petition, East Peoria police officer Mark Wright testified that on November 3, 1991, he investigated a traffic accident involving the defendant's vehicle and another car driven by someone Wright identified as Mr. Eggert. Witnesses at the scene told Wright that Eggert was stopped at a stop sign, waiting to turn left, when the car driven by the defendant rear-ended Eggert's vehicle. A Tazewell County deputy at the scene told Wright that the occupants

of Eggert's car had told him that they believed the defendant was under the influence of alcohol.

Wright observed that the defendant's windshield was broken outward and the defendant's forehead was bleeding. He also noticed that the defendant had trouble breathing and speaking. He later learned that the defendant had suffered a fractured larynx during the accident. Wright placed the defendant in the rear of his squad car due to his injuries. Wright noticed the odor of alcohol on the defendant's breath. However, he did not notice any of the characteristics he had been trained to look for in intoxicated people, such as profanity, disheveled or soiled clothing, or a combative or cocky attitude.

Wright further testified that his superior officer, Sergeant Dennis Reinhart, had arrived at the accident scene a short time after Wright. Reinhart directed Wright to take the defendant to the police station and ask him to take field sobriety tests there, as the weather was inclement. Reinhart told Wright to arrest the defendant if he refused to take the tests. According to Wright, immediately after arriving at the police station, the defendant took and failed all the field sobriety tests. Wright stated that he believed that Sergeant Reinhart, who was also present, informed the defendant at this time that he was under arrest for DUI. Wright then read the "Warning to Motorist" form to the defendant (see Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(c)) and asked him if he would submit to chemical tests for alcohol. The defendant refused any tests, and he was later issued a ticket for DUI.

Sergeant Reinhart's testimony largely corroborated Wright's. Reinhart stated that after the defendant failed the field sobriety tests, Reinhart told him, "We'll have to charge you with DUI." Reinhart explained that by this statement he meant that they would have to issue the tickets and do the proper procedures for a DUI arrest. Reinhart testified that he filled out the tickets while Wright read the "Warning to Motorist" to the defendant and asked him if he would submit to chemical tests. Reinhart stated that the ticket and a notice to appear were given to the defendant as he was leaving the police station.

Following the close of evidence, the trial court found that the defendant had not been properly arrested for purposes of the statutory summary suspension. Accordingly, it rescinded the suspension.

On appeal, the State contends that the defendant was properly placed under arrest prior to being asked to submit to chemical tests for alcohol as required by section 11—501.1(a) of the Illinois Vehicle Code (the Vehicle Code) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a)).

The pertinent part of section 11—501.1(a) provides:

"Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent, subject to the provisions of Section 11—501.2, to a chemical test or tests of blood, breath, or urine for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11—501." Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a).

The refusal to take a chemical test must be preceded by an arrest for DUI in order for such refusal to be admissible in summary suspension proceedings under section 11—501.1 of the Vehicle Code. (*People v. Jones* (1990), 198 Ill. App. 3d 572, 555 N.E.2d 1143.) The issuance of a ticket is one way in which the fact of an arrest may be established. However, a ticket need not precede the officer's request that a driver submit to tests. (*People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 454 N.E.2d 1166.) The standard for determining if and when an arrest has occurred is whether a reasonable man, innocent of any crime, would have concluded that he was not free to leave considering the surrounding circumstances. (*People v. Jones* (1990), 198 Ill. App. 3d 572, 555 N.E.2d 1143.) No formal declaration of arrest is necessary for an arrest to occur. *People v. Preston* (1990), 205 Ill. App. 3d 35, 563 N.E.2d 80.

■ In the case at hand, the defendant was transported to the police station by Officer Wright. At Wright's request, the defendant performed the field sobriety tests. After failing them, Sergeant Reinhart informed the defendant that they would have to charge him with DUI. At this point, we find that a reasonable person in the defendant's position would have concluded that he was not free to leave. Therefore, the defendant was under arrest for purposes of the summary suspension proceedings. It was after this point that Wright read the "Warning to Motorist" to the defendant and asked him to submit to chemical tests. The fact that the ticket was not issued to the defendant until he was leaving the police station is immaterial.

We are aware that this court's previous decision in *People v. Mannon* (1991), 217 Ill. App. 3d 381, 577 N.E.2d 532, appears to conflict with our present opinion. However, we note that in *Mannon*, the defendant was originally arrested for and charged with various driving violations other than DUI. Nothing in the facts of that case indicated that the defendant was ever placed under arrest for DUI until *after* he refused to take a breathalyzer test. As such, we held that the

defendant there had not been properly placed under arrest for DUI. Thus, *Mannon* stands in sharp contrast to the instant case.

■ We note that *Mannon* went on to interpret the above-quoted statute as requiring the issuance and service of a written citation as a prerequisite for a valid arrest for DUI. We find that portion of the opinion to be *dicta*, and we decline to follow it in this case.

We now turn to the defendant's contention that the fact that he was issued a notice to appear is evidence that he was not under arrest. In support of his argument, the defendant cites section 107—12 of the Code of Criminal Procedure of 1963, which provides in pertinent part:

> "Notice to Appear. (a) Whenever a peace officer is authorized to arrest a person without a warrant he may instead issue to such person a notice to appear.
>
> * * *
>
> (c) Upon failure of the person to appear a summons or warrant of arrest may issue." (Ill. Rev. Stat. 1991, ch. 38, par. 107—12.)

The defendant asserts that the language of the statute indicates that the two acts of making an arrest and issuing a notice to appear are mutually exclusive. Therefore, he argues, since he was issued a notice to appear, he could not have been arrested. We disagree.

■ As discussed above, the crucial point to focus upon is when a reasonable person in the defendant's position would have believed that he was not free to leave. Here, this happened when Reinhart told the defendant that he would have to be charged with DUI. The fact that the defendant was later issued a notice to appear which apprised him of his court date had no bearing upon whether the defendant was properly placed under arrest prior to being asked to submit to chemical tests.

Finally, the defendant asserts that he was not properly warned by the arresting officer of the consequences of a refusal to take the breathalyzer test. Specifically, the defendant complains that Officer Wright did not testify concerning the particular warnings that he read to the defendant. Additionally, he complains that the "Warning to Motorist" form which was filed in the trial court was not properly introduced into evidence at the hearing below.

In support of his argument, the defendant cites *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614. In *Trainor*, the court addressed this issue in an advisory portion of the opinion. The court determined that since the police must advise a driver of the consequences of refusing to take a

chemical test (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1(b)(3)), the evidence should contain testimony that the officer read the "Warning to Motorist" form to the defendant as well as the properly introduced form itself. Based on *Trainor*, the defendant contends that the warning requirement was not met and, therefore, the summary suspension was properly rescinded.

We note that since the decision in *Trainor*, our supreme court has held that in a summary suspension hearing, the burden of proof is on the motorist to present a *prima facie* case for rescission. *People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.

■ In applying this standard to the case at hand, we note that it was incumbent upon the defendant to present some evidence that he did not receive the proper warnings. The defendant, however, failed to present any evidence that the warnings were not read to him. He merely made the assertion in his petition to rescind, and, following the close of evidence, argued that he had not been properly warned. Officer Wright, on the other hand, testified that he had read the "Warning to Motorist" to the defendant. A copy of this document was properly filed with the court of venue and is contained in the record on appeal. Under these circumstances, we find that the defendant did not satisfy his burden of proof in the instant case. Therefore, we cannot sustain the rescission of the statutory summary suspension on this ground.

For all the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY, P.J., and GORMAN, J., concur.