THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JASON D. SCHEPERLE, Defendant-Appellee.

Third District   No. 3—92—0061

Opinion filed November 17, 1992.—Rehearing denied December 3, 1992.

David W. Neal, State's Attorney, of Morris (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, Jason D. Scheperle, was charged with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501). Thereafter, he received notice that his license would be summarily suspended. The defendant subsequently filed a petition to rescind (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1) alleging that he had not been properly arrested. The trial court agreed and rescinded the statutory summary suspension. The State appeals the trial court's order. We reverse.

At the hearing on the petition, the parties stipulated to the following facts: About 4:17 p.m. on October 18, 1991, State Trooper Scambelluri discovered the defendant's unoccupied car in the ditch alongside Interstate 55. While Scambelluri was investigating the car, the defendant arrived at the scene and admitted that he had driven the car into the ditch. Because Scambelluri's observations of the defendant led him to believe that the defendant had been drinking, he asked the defendant to submit to field sobriety tests.

The defendant failed all the standard tests, including the horizontal gaze nystagmus test, the walk and turn test, the one-leg stand test, the finger to nose test, and the recitation of the alphabet test. The defendant's failure of a preliminary breath test further led Scambelluri to believe that the defendant had been driving under the influence of alcohol.

Scambelluri transported the defendant to the Grundy County sheriff's office. Upon their arrival, Scambelluri read the defendant the "Warning to Motorist" and watched him for more than 20 minutes. Scambelluri then administered a breath test to the defendant. The result was .10.

Scambelluri could not recall if he issued and served a uniform traffic citation for DUI to the defendant either before or after requesting him to submit to a breathalyzer test. The defendant believed that Scambelluri did not issue and serve the uniform traffic citation until after he had submitted to the breath test.

Following the close of evidence, the trial court found that the defendant had not been properly arrested for DUI as evidenced by

the timely issuance of a uniform traffic citation. In so ruling, the trial court relied on this court's decision in *People v. Mannon* (1991), 217 Ill. App. 3d 381, 577 N.E.2d 532. Accordingly, it rescinded the suspension.

On appeal, the State contends that the defendant was properly placed under arrest prior to being asked to submit to chemical tests for alcohol as required by section 11—501.1(a) of the Illinois Vehicle Code (the Vehicle Code) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a)). We agree.

We find that our decision in *People v. Bahnfleth* (1992), 233 Ill. App. 3d 289, is dispositive of the instant issue. We note that we decided *Bahnfleth* subsequent to *Mannon*.

■■ In *Bahnfleth* we noted that the refusal to take a chemical test must be preceded by an arrest for DUI in order for such refusal to be admissible in summary suspension proceedings under section 11—501.1 of the Vehicle Code. (See also *People v. Jones* (1990), 198 Ill. App. 3d 572, 555 N.E.2d 1143.) However, we held that the issuance and service of a written citation is not a prerequisite for a valid arrest for DUI. Rather, the standard for determining if and when an arrest has occurred is whether a reasonable man, innocent of any crime, would have concluded that he was not free to leave considering the surrounding circumstances. It is this standard that applies in the instant case.

We further note that in *Bahnfleth* we also held that the portion of our decision in *Mannon* which interpreted section 11—501.1(a) of the Vehicle Code as requiring the issuance and service of a written citation as a prerequisite for a valid arrest for DUI to be *dicta*, and declined to follow it. Therefore, *Mannon* is not applicable in the instant case.

■■ In the case at hand, Scambelluri requested the defendant to perform tests which are designed to give an indication of a subject's sobriety. The defendant voluntarily performed the field sobriety tests and failed them. He also failed a preliminary breathalyzer test. Officer Scambelluri then transported the defendant to the sheriff's office. At this point, we find that a reasonable person in the defendant's position would have concluded that he was not free to leave. Therefore, the defendant was under arrest for purposes of the summary suspension proceedings. It was after this point that Scambelluri read the "Warning to Motorist" to the defendant and asked him to submit to a breathalyzer test. The fact that the ticket may not have been issued to the defendant until after he took the test is immaterial.

990

For the foregoing reasons, the judgment of the circuit court of Grundy County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SLATER and HAASE, JJ., concur.