THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARVIN SELBY, Defendant-Appellee.

Third District   No. 3—92—0152

Opinion filed February 18, 1993.

William Poncin, State's Attorney, of Macomb (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael C. Jansz, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of Ottawa, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

The defendant, Marvin Selby, was arrested for the offenses of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501) and reckless driving (Ill. Rev. Stat. 1991, ch. 95½, par. 11—503). Defendant took and failed a breath test and received notice that his license would be summarily suspended. Defendant filed a request for judicial review seeking rescission of the summary suspension (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1). The trial court granted defendant's motion on the basis that the arresting officer did not issue and serve the DUI citation prior to the breath test. The State appeals from the trial court's order. We reverse and remand.

At the hearing on defendant's petition to rescind, defendant Marvin Selby testified that he had been drinking on the evening of December 12-13, 1991, and that he was unsure how much he had consumed. After Selby's car was stopped by Macomb city police officer Robert McMahon, he was taken to the Macomb police department. Later, Selby was taken to the McDonough County jail, where he was incarcerated for about six hours before being released on the morning of December 13, 1991.

Selby testified that he was never told why he was arrested and the standard "Warning to Motorist" form was not read to him. Selby testified that he was not shown the traffic citations for reckless driving and DUI, or the "Warning to Motorist" form completed by Officer McMahon, until he was released from jail.

Officer McMahon testified that on the evening in question he received a radio transmission reporting a problem with a vehicle. McMahon located the car described on the radio and followed it. McMahon testified that he stopped the car at approximately 12:15 a.m. and

thereafter administered field sobriety tests on the driver, Marvin Selby.

McMahon testified that after conducting the field sobriety tests he told Selby that he was under arrest for DUI, handcuffed Selby, and placed him in the back of the squad car. McMahon testified that he wrote out the traffic tickets at the scene and showed the defendant the DUI citation, but that the defendant did not receive his copies until the next morning when he posted bail. McMahon testified that he read the "Warning to Motorist" to Selby at 12:40 a.m., and then placed a copy of the written warning in Selby's pocket.

The "Warning to Motorist" form, found within the common law record, certified that the Officer McMahon read the warning to the defendant at 12:40 a.m.

Also at the hearing, Macomb police officer Paul Kachinovas testified that, while at the scene of the stop, he heard Officer McMahon tell the defendant that he was under arrest for DUI. Kachinovas also testified that he saw McMahon put the defendant in the squad car, and he heard McMahon read the "Warning to Motorist" form to Selby at the Macomb police department.

At the conclusion of the evidence and after arguments of counsel, the trial court found that Officer McMahon's testimony was lacking in credibility. Specifically, the trial court did not believe Officer McMahon's testimony that he stopped the defendant's car, completed the field sobriety tests, wrote out the traffic citations, drove to the Macomb police department, and read the "Warning to Motorist" all within 25 minutes. Thus, the trial judge rejected Officer McMahon's testimony that he showed the defendant a copy of the DUI citation while they were in the squad car. In light of this court's decision in *People v. Mannon* (1991), 217 Ill. App. 3d 381, 577 N.E.2d 532, the trial court ordered that the suspension of the defendant's driving privileges be rescinded.

In *Mannon*, this court considered section 11—501.1 of the Illinois Vehicle Code. The statute provides:

> "Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine *** if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11—501 ***." (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a).)

In light of the statutory provision, we stated that the prerequisite for a valid arrest for DUI is the issuance and service of a written citation

sufficiently apprising the defendant he is, or had been, charged with DUI. (*Mannon,* 217 Ill. App. 3d at 383.) Absent a valid arrest, the statutory summary suspension would not issue. *Mannon,* 217 Ill. App. 3d at 383.

Since *Mannon,* however, this court has had two other opportunities to review the issue of whether a DUI citation must be issued and served prior to the breath test.

In *People v. Bahnfleth* (1992), 233 Ill. App. 3d 289, 599 N.E.2d 16, we declined to expand the *Mannon* holding beyond the unique facts of that case. Specifically, in *Mannon,* the defendant was initially placed under arrest for other driving violations, and nothing in the facts indicated that the defendant was ever placed under arrest for DUI until after he refused to take the breath test. We determined that any language requiring the actual issuance and service of the DUI citation on the defendant, prior to the breath test, was *dicta.*

In *Bahnfleth,* the defendant was placed under arrest for DUI before the officer requested that the driver submit to a breath test. The formal traffic citation was not issued. We stated, "The issuance of a ticket is one way in which the fact of an arrest may be established. However, a ticket need not precede the officer's request that a driver submit to tests." (*Bahnfleth,* 233 Ill. App. 3d at 292.) The standard for determining if and when an arrest has occurred is whether a reasonable man would have concluded that he was not free to leave considering the surrounding circumstances. No formal declaration of arrest is necessary. *Bahnfleth,* 233 Ill. App. 3d at 292.

The issue of whether a DUI citation must be issued prior to the breath test was revisited by this court in *People v. Scheperle* (1992), 236 Ill. App. 3d 987, 603 N.E.2d 149, where we reiterated our holding in *Bahnfleth,* that "the issuance and service of a written citation is not a prerequisite for a valid arrest for DUI." (*Scheperle,* 236 Ill. App. 3d at 989.) In other words, the fact that the ticket was not issued to the defendant until after he took the breath test is immaterial. *Scheperle,* 236 Ill. App. 3d at 989.

■■ ■ Accordingly, in the instant case, the trial court erred in granting defendant's request for rescission of the summary suspension on the basis that the police failed to issue and serve a DUI citation prior to requesting that the defendant take a breath test. The significant issue under section 11—501.1(a) is not when the citation has been issued and served on the defendant but, rather, whether the defendant has been placed under arrest for DUI prior to the officer's request that the driver submit to the appropriate test. The pivotal issue is whether a reasonable person would have concluded that he was

not free to leave considering the surrounding circumstances. *People v. Eddmonds* (1984), 101 Ill. 2d 44, 61, 461 N.E.2d 347; *Scheperle*, 236 Ill. App. 3d at 989.

For the foregoing reasons, the judgment of the circuit court of McDonough County is reversed, and the cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

SLATER and BARRY, JJ., concur.