THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK W. LEWALLEN, Defendant-Appellant.

First District (5th Division)   No. 1—92—1029

Opinion filed May 21, 1993.

Massucci, Blomquist & Brown, of Chicago (Ernest R. Blomquist III, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Donald T. Lyman, and Cory J. Pollack, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COUSINS delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Cook County denying his petition to rescind the statutory summary suspension of his driving privileges. He maintains that because the arresting officer did not physically issue him a citation for driving under the influence (DUI) before requesting that he submit to a chemical test to determine intoxication, the court's order should be reversed and an order of rescission entered.

At issue is that section of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 1—100 et seq.) (Code) which provides in pertinent part:

"(a) Any person who drives *** a motor vehicle upon the public highways of this State shall be deemed to have given consent, *** to a chemical test *** of *** breath, *** for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as

defined in Section 11—501 or a similar provision of a local ordinance." Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a).

We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The record in this case shows that about 3:27 a.m. on January 4, 1992, Niles police officer Elenz observed defendant weaving over two lanes of traffic as he drove south on Milwaukee Avenue at Dempster. The officer also clocked defendant's rate of speed at 15 miles over the posted limit, and when he stopped him, the officer smelled a strong odor of alcohol on defendant, who fell out of his truck. The record further shows that defendant was issued four traffic citations in connection with this incident, including one for driving under the influence of alcohol (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2)), and defendant refused to submit to the breathalyzer test requested by the police officer. As a result of this refusal, defendant's driving privileges were subject to summary suspension pursuant to section 11—501.1 of the Code. Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1.

When defendant received notice of his suspension, he filed a motion to rescind. At the hearing which was held on February 13, 1992, defendant acknowledged his arrest for DUI and his refusal to take the test, but he maintained that he did not receive any citations until he was released from jail. Officer Elenz testified that prior to requesting that defendant submit to the breathalyzer test, he told defendant that he was under arrest for driving under the influence of alcohol, issued him a ticket to that effect, and advised him of the relevant statutory provisions regarding his taking or refusing the breathalyzer test.

Attorney Michael Skoubis testified that he went to the Niles police station and filed the necessary paperwork to bail defendant out of jail. In addition to the bond slip, the desk officer handed him four traffic citations, which he tore apart. Skoubis gave copies of these documents to defendant and read the charges to him.

Officer Elenz then testified for the State that he asked defendant to submit to the breath test after he placed him under arrest and gave him a copy of the traffic citations. Under cross-examination by defense counsel, Elenz stated that defendant asked him the nature of the charges against him, and Elenz informed defendant of the DUI charge along with the others. Elenz also explained that defendant was held in the lockup, where prisoners are not allowed to have any property, and suggested that the citations may have been placed back in their original sequence so that they could be given to defendant upon release.

At the close of evidence defense counsel argued that under the recent decision of the Third District of the Illinois Appellate Court in *People v. Mannon* (1991), 217 Ill. App. 3d 381, 577 N.E.2d 532, the failure of the police officer to physically hand defendant a ticket for the DUI offense before requesting that defendant submit to the breathalyzer test required that the summary suspension of his driving privileges be rescinded. Discussion was had on the matter, and the trial court requested the parties to submit case law on the subject. Further argument was held on February 24, 1992, where defense counsel maintained, as he does here, that *stare decisis* required that the trial court follow the *Mannon* decision since it is the most recent ruling on the amended statute.

The trial court pointed out that the General Assembly had not changed the wording of the subsection of the statute under consideration even though it had amended the statute numerous times and, because of this, the court ruled that the existing case law, which focused on the evidence of arrest, was controlling. The court found this ruling consistent with *Mannon*, where no arrest for DUI was evident, and the language in *Mannon* requiring the police officer to physically hand the DUI ticket to the subject before requesting the test was merely *dicta*, which did not reflect the law. Accordingly, the trial court denied defendant's rescission petition.

OPINION

■ The phrase "as evidenced by the issuance of a Uniform Traffic Ticket," which appears in section 11—501.1(a) of the implied consent section of the Code (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a)), has been interpreted by reviewing courts as directory rather than mandatory (see, *e.g., People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 454 N.E.2d 1166; see also *People v. Grange* (1989), 181 Ill. App. 3d 981, 537 N.E.2d 1153; *People v. Adams* (1984), 128 Ill. App. 3d 725, 471 N.E.2d 575). The operative factor triggering the summary suspension provisions of the Code has been identified as an arrest for driving under the influence of alcohol or drugs. (*People v. Jones* (1990), 198 Ill. App. 3d 572, 555 N.E.2d 1143.) The determination as to "[w]hether the person was placed under arrest for an offense as defined in Section 11—501, or a similar provision of the local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket" (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1(b)(1)), is the first area of inquiry in the implied consent hearing.

The standard for determining whether an arrest has occurred is whether a reasonable person innocent of any crime would have considered himself under arrest considering all the circumstances. (*People v.*

*Bulman* (1991), 212 Ill. App. 3d 795, 571 N.E.2d 850.) In situations such as the one at bar, the issuance of a traffic ticket is a convincing way to establish the fact of arrest. (*Ellerbusch*, 118 Ill. App. 3d at 503.) This, however, is not conclusive (*Jones*, 198 Ill. App. 3d at 575), and courts have found that other circumstances, such as the police officer's continuing possession of an individual's driver's license, the handcuffing of the individual or placing the individual into a squad car, may also indicate that an arrest has taken place. (*Bulman*, 212 Ill. App. 3d at 804.) The trial court's determination of this matter will not be disturbed on review unless it was manifestly erroneous. *Jones*, 198 Ill. App. 3d at 574-75.

■ The trial court's interpretation of *Mannon* was accurate. In *People v. Bahnfleth* (1992), 233 Ill. App. 3d 289, 599 N.E.2d 16, the third district restricted *Mannon* to its facts and clarified that any language in that case requiring the officer to actually issue and serve a DUI citation to defendant prior to requesting the breath test was *dicta*. (*Bahnfleth*, 233 Ill. App. 3d at 293.) Then, in *People v. Scheperle* (1992), 236 Ill. App. 3d 987, 603 N.E.2d 149, the same court ruled that the issuance and service of a written citation is not a prerequisite for a valid arrest for DUI, and the fact that the ticket may not have been issued to defendant until after he took the test to determine intoxication is immaterial. Accord *People v. Selby* (1993), 241 Ill. App. 3d 80.

Thus, the pivotal question in this type of case continues to be whether defendant was placed under arrest for DUI prior to the officer's request that he submit to the appropriate test, not the time the citation was actually served on defendant. (*Selby*, 241 Ill. App. 3d at 83.) In the case at bar, the defense conceded that defendant had been arrested for DUI prior to the officer's request, and this fact was borne out in the hearing on defendant's petition and by the record as a whole.

For the reasons stated, we conclude that the arresting officer complied with the controlling statutory provision (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(a)), and we find no error in the trial court's denial of defendant's petition for rescission of the statutory summary suspension of his driving privileges.

Therefore, the order of the circuit court of Cook County is affirmed.

Affirmed.

GORDON, P.J., and MURRAY, J., concur.