THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS BRANTLEY *et al.*, Defendants-Appellees.

First District (4th Division) Nos. 1—92—1387, 1—92—1731, 1—92—2311 cons.

Opinion filed June 17, 1993.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Paul J. Augustyn, of Allegretti & Associates, of Chicago, and James J. Ahern, of Ahern & Maloney, of Skokie, for appellees.

JUSTICE CAHILL delivered the opinion of the court:

These three cases, consolidated on appeal, present the same issue: Must a police officer issue a ticket for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501) before he asks a driver to take a breath test? Defendants Thomas Brantley, Andrew Kowalczyk, and Holly Hunt were each arrested and charged with DUI. The trial court in each case rescinded the defendant's suspension of his or her driving privileges because the officer did not issue a DUI citation before the breath test was administered or refused. We reverse and remand.

The relevant facts of each case are the same. The officers stopped the defendants while driving, arrested them for DUI, placed them in custody, and then asked them to take a breath test pursuant to section 11—501.1 of the Illinois Vehicle Code. That section provides:

"Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine *** if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in

Section 11—501 ***." Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a).

After the defendants either failed or refused to take a breath test, the officers then issued a ticket for DUI. Later, each defendant was granted a hearing on the statutory summary suspension of his or her driving privileges. The hearing was limited to the four issues set out in section 2—118.1 of the Vehicle Code. The relevant issue in each case was, "Whether the person was placed under arrest for an offense as defined in Section 11—501 ***, as evidenced by the issuance of a Uniform Traffic Ticket." Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1.

The trial courts rescinded the defendants' summary suspensions because the officers did not issue the tickets before they asked defendants to take a breath test. Each court followed the decision on point at the time, *People v. Mannon* (1991), 217 Ill. App. 3d 381, 577 N.E.2d 532. The third district court in *Mannon* interpreted section 11—501.1 to mean that an officer must arrest the driver for DUI and issue the ticket for DUI before he can lawfully ask the driver to take a breath test. That court stated, "The issuance of a uniform citation is the pivotal prerequisite that must be fulfilled in order to arrest a suspect for DUI." (Emphasis omitted.) *Mannon*, 217 Ill. App. 3d at 383, 577 N.E.2d at 534.

On appeal plaintiff argues that the *Mannon* court misinterpreted the statute and urges us to construe the language according to its clear and unambiguous meaning. Defendants respond that the *Mannon* court correctly interpreted the statute and that we should examine the legislative history to determine the true intent of the drafters.

■ The issue before us in these consolidated cases is one of statutory construction of the Illinois implied consent law. The most reliable indicator of legislative intent is the language of the statute. (*People v. Bryant* (1989), 128 Ill. 2d 448, 455, 539 N.E.2d 1221, 1224.) The legislature intended that a traffic citation be evidence of a DUI arrest. There is nothing unusual about this directive. Every arrest that results in a prosecution is ultimately supported by a written document—a uniform traffic citation, complaint, information, or indictment—to enable a defendant to frame a defense to the charge. When we interpret the words of the statute, by their normal meaning, we find that the ticket is merely evidence of an arrest; it does not constitute the arrest.

We do not read the language which states that a driver gives his consent to a breath test if arrested, as evidenced by a citation, to mean that in order to arrest someone for DUI, the officer must issue a citation. Black's Law Dictionary 498 (5th ed. 1979) defines "evi-

dence" as, "That which demonstrates, makes clear, or ascertains the truth of the very fact or point in issue \*\*\*." The phrase "as evidenced by" simply means that a citation demonstrates that the officer arrested the driver for DUI. Although a citation may establish the fact of an arrest, the issuance of a citation is not the only admissible evidence of an arrest. The "pivotal prerequisite" for determining if an arrest has occurred is whether a reasonable person would have concluded that he was not free to leave under the circumstances. *People v. Jones* (1990), 198 Ill. App. 3d 572, 555 N.E.2d 1143.

Defendants, however, argue that the language "as evidenced by a Uniform Traffic Ticket" would be superfluous unless the legislators meant the citation to be a prerequisite for an arrest. We disagree and interpret this language to establish that a citation is a sufficient means of proving an arrest at an implied consent hearing. The language is relevant because the statute provides that the hearing "may be conducted upon a review of the law enforcement officer's own official reports." (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1(b).) An implied consent hearing is a civil proceeding, and the State is not required to have the arresting officer appear and testify. (*People v. Gafford* (1991), 218 Ill. App. 3d 492, 578 N.E.2d 583.) The official reports alone are sufficient to establish proof of an arrest. Thus lies the directive that an officer issue a citation as proof of an arrest. See *People v. Horberg* (1984), 123 Ill. App. 3d 456, 459, 462 N.E.2d 831, 833 (" 'the issuance of a ticket is directory and not mandatory; it is only one way in which the fact of arrest may be established' "), quoting *People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503, 454 N.E.2d 1166, 1168.

 We note that the third district has addressed this issue three times since *Mannon*. In each case the court rejected its own precedent that the citation is a prerequisite to an arrest. (*People v. Selby* (1993), 241 Ill. App. 3d 80, 608 N.E.2d 961; *People v. Scheperle* (1992), 236 Ill. App. 3d 987, 603 N.E.2d 149; *People v. Bahnfleth* (1992), 233 Ill. App. 3d 289, 599 N.E.2d 16.) In *Bahnfleth*, the court held that the portion of the *Mannon* opinion which stated that issuance of a citation is a prerequisite for an arrest was *dicta* and stated, "[A] ticket need not precede the officer's request that a driver submit to tests." (*Bahnfleth*, 233 Ill. App. 3d at 292, 599 N.E.2d at 18.) In *Scheperle*, the court held, where there was sufficient proof that the defendant was arrested for DUI, "The fact that the ticket may not have been issued to the defendant until after he took the [breath] test is immaterial." (*Scheperle*, 236 Ill. App. 3d at 989, 603 N.E.2d at 151.) Recently the court in *Selby* stated, "The significant issue under

section 11—501.1(a) is not when the citation has been issued and served on the defendant but, rather, whether the defendant has been placed under arrest for DUI prior to the officer's request that the driver submit to the appropriate test." (*Selby*, 241 Ill. App. 3d at 83, 608 N.E.2d at 963-64.) Even more recently, in *People v. Lewallen* (1993), 247 Ill. App. 3d 350, we adopted the analysis in *Selby* and affirmed a trial court that followed these third district holdings post-*Mannon*.

For the reasons stated, we reverse the order of the trial court in each case and remand each cause for further proceedings consistent with this opinion.

Reversed and remanded.

JIGANTI, P.J., and HOFFMAN, J., concur.