THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KELLY D. GAMBLIN, Defendant-Appellee.

Second District   No. 2—91—1331

Opinion filed November 9, 1993.

David R. Akemann, State's Attorney, of Geneva (William L. Browers
and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Of-
fice, of counsel), for the People.

Manos M. Kavvadias, of Fawell & Fawell, of Wheaton, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the
court:

The construction of the Illinois implied consent law (Ill. Rev.
Stat. 1991, ch. 95½, par. 11—501.1 (now 625 ILCS 5/11—501.1
(West 1992))) presents a case of first impression in the Appellate
Court, Second District. The People of the State of Illinois appeal
the decision of the circuit court of Kane County rescinding the stat-
utory summary suspension of defendant, Kelly D. Gamblin's driver's
license pursuant to the implied consent law. The trial court rea-
soned that because the issuance of a citation for driving under the
influence of alcohol (DUI) did not precede defendant's refusal to

submit to a breath test, summary suspension was not implicated. We reverse.

Defendant was arrested for leaving the scene of an accident, DUI, driving while license suspended, improper lane usage, and operating an uninsured motor vehicle, when police found her at a service station seated in a damaged automobile. Defendant admitted that she had been driving and that she had been drinking. Her vehicle bore remnants of damaged barricades on Interstate 88, where an officer had seen defendant's vehicle stopped in a traffic lane earlier that evening. The police administered field sobriety tests, and defendant refused to submit to a breathalyzer test. An officer then gave defendant her *Miranda* warnings while his partner wrote tickets for defendant's violations. Defendant's license was then summarily suspended.

Defendant moved to quash the arrest and to rescind the summary suspension. The court granted rescission of the suspension, basing its decision on *People v. Mannon* (1991), 217 Ill. App. 3d 381 (questioned in *People v. Brantley* (1993), 248 Ill. App. 3d 580; *People v. Lewallen* (1993), 247 Ill. App. 3d 350; *People v. Scheperle* (1992), 236 Ill. App. 3d 987). In *Mannon*, the defendant was arrested for driving with a revoked license. Although he was not cited for DUI, the defendant's license was summarily suspended after he failed a breathalyzer test. On appeal, the Appellate Court, Third District, rescinded the summary suspension, holding the issuance of a DUI citation to be a prerequisite to a valid arrest for DUI. We decline to follow the precedent set in *Mannon*.

According to the first rule of statutory construction, a court has a duty to ascertain and give effect to the intent of the legislature. (*People v. Krueger* (1991), 208 Ill. App. 3d 897, 904.) Section 11—501.1(a) provides that anyone operating or in control of a motor vehicle on the highways of the State of Illinois impliedly consents to tests of breath, blood, or urine if he or she is "arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11—501 [DUI offenses]." (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a) (now 625 ILCS 5/11—501.1(a) (West 1992)).) The statute further provides that the refusal to submit to such tests will result in the summary suspension of one's operator's license. (Ill. Rev. Stat. 1991, ch. 95½, pars. 11—501.1(d) through (h) (now 625 ILCS 5/11—501.1(d) through (h) (West 1992)).) The legislature enacted this statute to protect the citizens of this State upon the highways. (*People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503.) Restricting the effect of this statute to situations wherein a

DUI citation precedes arrest does not further this legislative purpose.

A court should not insert words into a legislative enactment when the statute otherwise presents a cogent and justifiable legislative scheme. (*Auto Owners Insurance v. Berkshire* (1992), 225 Ill. App. 3d 695, 698.) The court's holding in *Mannon* suggests that the prior issuance of a citation for DUI is the sole form of evidence available to support a valid arrest for DUI. We disagree. The statute does not limit issuance of a citation as the only manner of proof of arrest; nor does the statute require that the citation issue prior to the arrest.

The issuance of a citation in this context is one manner of evidencing an arrest for DUI. The administration of field sobriety tests and the transportation to a police station are other manners of proof. *People v. Selby* (1993), 241 Ill. App. 3d 80, 82; *Scheperle*, 236 Ill. App. 3d at 989; *People v. Bahnfleth* (1992), 233 Ill. App. 3d 289, 292.

The significant issue under section 11—501.1(a) is not whether or when a citation was issued, but whether and when a defendant was arrested for DUI. (*Selby*, 241 Ill. App. 3d at 83.) The standard for determining if and when an arrest has occurred is whether, under those circumstances and innocent of any crime, a reasonable person would have felt restrained from leaving. (*Scheperle*, 236 Ill. App. 3d at 989; *Selby*, 241 Ill. App. 3d at 83.) Because *Mannon* misinterprets section 11—501.1(a) of the Illinois implied consent law (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1(a) (now 625 ILCS 5/11—501.1(a) (West 1992))), we decline to follow that case.

In *People v. Bahnfleth*, the Appellate Court, Third District, recognized that *Mannon* purported to require the issuance and the service of a written citation as a prerequisite for a valid DUI arrest. That court, however, found this language in *Mannon* to be *obiter dictum* and declined to follow it. (*Bahnfleth*, 233 Ill. App. 3d at 293.) In cases subsequent to *Bahnfleth*, the third district has held that the issuance of a DUI citation is not a prerequisite to a valid DUI arrest. *Scheperle*, 236 Ill. App. 3d at 989; *Selby*, 241 Ill. App. 3d at 83.

In the present case, defendant performed field sobriety tests and was told she was under arrest. She received tickets for several offenses, including DUI, and was transported to the police station. Under these circumstances a reasonable person would feel restrained from leaving. Thus, defendant was properly under arrest for DUI, and her refusal to submit to a breathalyzer test warranted

the summary suspension of her license. We therefore vacate the order of the trial court rescinding the summary suspension of defendant's license.

For the foregoing reasons, the judgment of the circuit court of Kane County is vacated.

Vacated.

GEIGER and DOYLE, JJ., concur.